## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | |
|---|---|
| TINNUS ENTERPRISES, LLC, | ) |
| | ) |
| and | ) |
| | ) |
| ZURU LTD., | )   **Civ. Action No. 6:16-CV-00033-RWS-JDL** |
| | ) |
| Plaintiffs, | ) |
| | )   **(LEAD CASE)** |
| v. | ) |
| | ) |
| TELEBRANDS CORP., | ) |
| | ) |
| Defendant. | ) |
| | ) |

## NOTICE OF APPEAL

Notice is hereby given that Telebrands Corporation, defendant in the above-named case, hereby appeals to the United States Court of Appeals for the Federal Circuit from this Court's Order on Injunction (Dkt. 159) entered in this action on October 31, 2016 and the Order Adopting Report and Recommendation of Magistrate Judge Granting Plaintiffs' Preliminary Injunction (Dkt. 142) entered in this action on September 29, 2016.


Dated: November 2, 2016                      Respectfully submitted,


                                     By: */s/ Gregory Love*

                                     Gregory Love
                                     State Bar No. 24013060
                                     LOVE LAW FIRM, PC
                                     greg@lovetrialfirm.com
                                     107 E. Main Street
                                     Henderson, TX 75652
                                     Tel: (903) 212-4444

W. Lance Lee
wlancelee@gmail.com
5511 Plaza Drive
Texarkana, TX 75503
Tel: (903) 223-0276

Robert T. Maldonado (admitted *pro hac vice*)
Rmaldonado@cooperdunham.com
Elana B. Araj (admitted *pro hac vice*)
earaj@cooperdunham.com
COOPER & DUNHAM LLP
30 Rockefeller Plaza
New York, New York 10112
Tel: 212-278-0400

D. Michael Underhill
munderhill@bsfllp.com
Amy L. Neuhardt (admitted *pro hac vice*)
aneuhardt@bsfllp.com
Stacey Grigsby (admitted *pro hac vice*)
sgrigsby@bsfllp.com
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW
Washington, DC 20015
Tel.: (202) 237-2727
Fax: (202) 237-6131

*Attorneys for Defendant Telebrands Corp.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, the foregoing was served on all counsel of record who have consented to electronic service. Local Rule CV-5(a)(3)(A).

<u>/s/ <em>Stacey K. Grigsby</em></u>
Stacey K. Grigsby

Case: 17-1175    Document: 1-2    Page: 4    Filed: 11/08/2016

<span style="color:green">APPEAL,JDL1,LEAD,MEDIATION,PROTECTIVE-ORDER,RWS1</span>

**U.S. District Court [LIVE]**
**Eastern District of TEXAS (Tyler)**
**CIVIL DOCKET FOR CASE #: 6:16-cv-00033-RWS-JDL**
**Internal Use Only**

Tinnus Enterprises, LLC et al v. Telebrands Corporation
Assigned to: Judge Robert W. Schroeder, III
Referred to: Magistrate Judge John D. Love
Member case:
  6:16-cv-00034-RWS-JDL
Related Case: 6:15-cv-00551-RC-JDL
Cause: 35:271 Patent Infringement

Date Filed: 01/26/2016
Jury Demand: Both
Nature of Suit: 830 Patent
Jurisdiction: Federal Question

**Mediator**

**David Folsom**

represented by **David Folsom**
Jackson Walker LLP
6002-B Summerfield Drive
Texarkana, TX 75503
903-255-3251
Fax: 903-255-3266
Email: dfolsom@jw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Tinnus Enterprises, LLC**

represented by **Cortland Christopher Putbrese**
Dunlap Bennett and Ludwig PLLC - Richmond
2307 East Broad Street
Suite 301
Richmond, VA 23223
804.977.2688
Fax: 804.977.2680
Email: cputbrese@dbllawyers.com
*ATTORNEY TO BE NOTICED*

**David Ludwig**
Dunlap Bennett & Ludwig PLLC
211 Church Street SE
Leesburg, VA 20175
703-777-7319
Fax: 703-777-3656
Email: dludwig@dbllawyers.com
*ATTORNEY TO BE NOTICED*

A TRUE COPY I CERTIFY
DAVID A. O'TOOLE, CLERK
U.S. DISTRICT COURT
EASTERN DISTRICT OF
TEXAS
By: _____*Debbie Collazo*_____

**Debra Elaine Gunter**
Findlay Craft PC
102 N College Avenue
Suite 900
Tyler, TX 75702
903.534.1100
Fax: 903.534.1137
Email: dgunter@findlaycraft.com
*ATTORNEY TO BE NOTICED*



**Eric Lorenz Olavson**
Dunlap Bennett & Ludwig PLLC
211 Church Street SE
Leesburg, VA 20175
703-777-7319

Fax: 703-777-3656
Email: eolavson@dbllawyers.com
*ATTORNEY TO BE NOTICED*

**Jeffrey D Ahdoot**
Dunlap Bennett and Ludwig - DC
1717 Pennsylvania Avenue
Suite 1025
Washington, DC 20006
202-316-8558
Fax: 703-777-3658
Email: jahdoot@dbllawyers.com
*ATTORNEY TO BE NOTICED*

**Kelly James Kubasta**
Ferguson, Braswell & Fraser, PC
2500 Dallas Parkway
Suite 501
Plano, TX 75093
972-378-9111
Fax: 972-378-9115
Email: kkubasta@dallasbusinesslaw.com
*ATTORNEY TO BE NOTICED*

**Robert D Spendlove**
Laubscher Spendlove & Laubscher, PC
1160 Spa Road, Suite 2B
Annapolis, MD 21403
703-332-8888
Fax: 410-280-6758
Email: rspendlove@laubscherlaw.com
*ATTORNEY TO BE NOTICED*

**Thomas Mansfield Dunlap**
Dunlap Bennett & Ludwig PLLC
211 Church Street SE
Leesburg, VA 20175
703.777.7319
Fax: 703.777.3656
Email: tdunlap@dbllawyers.com
*ATTORNEY TO BE NOTICED*

**Eric Hugh Findlay**
Findlay Craft PC
102 N College Avenue
Suite 900
Tyler, TX 75702
903/534-1100
Fax: 903/534-1137
Email: efindlay@findlaycraft.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Zuru Ltd.**                                    represented by **Cortland Christopher Putbrese**
                                                 (See above for address)
                                                 *ATTORNEY TO BE NOTICED*

                                                 **David Ludwig**
                                                 (See above for address)
                                                 *ATTORNEY TO BE NOTICED*

                                                 **Debra Elaine Gunter**
                                                 (See above for address)
                                                 *ATTORNEY TO BE NOTICED*

**Eric Lorenz Olavson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeffrey D Ahdoot**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robert D Spendlove**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas Mansfield Dunlap**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Eric Hugh Findlay**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Telebrands Corporation**                  represented by  **Amy L Neuhardt**
Boies, Schiller & Flexner LLP - DC
5301 Wisconsin Ave NW
8th Floor
Washington, DC 20015
202.237.2727
Fax: 202.237.6131
Email: aneuhardt@bsfllp.com
*ATTORNEY TO BE NOTICED*

**David Michael Underhill**
Boies Schiller & Flexner LLP
5301 Wisconsin Ave, NW
Suite 800
Washington, DC 20015
202-237-2727
Fax: 202-237-6131
Email: munderhill@bsfllp.com
*ATTORNEY TO BE NOTICED*

**Elana Araj**
Cooper & Dunham
30 Rockefeller Plaza
New York, NY 10112
212.278.0506
Fax: 212.391.0525
Email: earaj@cooperdunham.com
*ATTORNEY TO BE NOTICED*

**Eric John Maurer**
Boies, Schiller & Flexner LLP - DC
5301 Wisconsin Ave NW
Suite 800
Washington, DC 20015
202/274-1151
Fax: 202/237-6131
Email: emaurer@bsfllp.com
*ATTORNEY TO BE NOTICED*

**Gregory Phillip Love**

Love Law Firm PC
P.O. Box 948 (Henderson, TX 75653)
107 East Main Street
Henderson, TX 75652
903-212-4444
Fax: 903-392-2267
Email: greg@lovetrialfirm.com
*ATTORNEY TO BE NOTICED*

**Harold William Bloom , III**
Boies, Schiller & Flexner LLP - DC
5301 Wisconsin Ave NW
Suite 800
Washington, DC 20015
202-237-2727
Fax: 202-237-6131
Email: wbloom@bsfllp.com
*ATTORNEY TO BE NOTICED*

**Kate A Ferguson**
Boies, Schiller & Flexner LLP - DC
5301 Wisconsin Ave NW
Suite 800
Washington, DC 20015
202.237.2727
Fax: 202.237.6131
Email: kferguson@bsfllp.com
*TERMINATED: 08/30/2016*

**Lance Lee**
Lance Lee
Attorney at Law
5511 Plaza Drive
Texarkana, TX 75503
903/223-0276
Fax: 903/223-0210
Email: wlancelee@gmail.com
*ATTORNEY TO BE NOTICED*

**Robert T Maldonado**
Cooper & Dunham
30 Rockefeller Plaza
New York, NY 10112
212/278-0400
Fax: 1212391525
Email: rmaldonado@cooperdunham.com
*ATTORNEY TO BE NOTICED*

**Stacey K Grigsby**
Boies, Schiller & Flexner LLP - DC
5301 Wisconsin Ave NW
Suite 800
Washington, DC 20015
202.237.2727
Fax: 202.237.6131
Email: sgrigsby@bsfllp.com
*ATTORNEY TO BE NOTICED*

V.

<u>**Consol Defendant**</u>

**Wal-Mart Stores Inc**                    represented by    **Tara D Elliott**
*Consolidated Civil Action 6:16cv34*                        Wilmer Hale - Washington DC
*TERMINATED: 06/21/2016*                                    1875 Pennsylvania Avenue NW

Washington, DC 20006
202-663-6748
Fax: 202-663-6000
Email: tara.elliott@wilmerhale.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lance Lee**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Consol Defendant**

**Bed Bath & Beyond Inc**          represented by   **Robert T Maldonado**
*Consolidated Civil Action 6:16cv34*                (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *PRO HAC VICE*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Gregory Phillip Love**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Lance Lee**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

**Consol Defendant**

**Fry's Electronics**              represented by   **Robert T Maldonado**
*Consolidated Civil Action 6:16cv34*                (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *PRO HAC VICE*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Gregory Phillip Love**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Lance Lee**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

**Consol Defendant**

**Kohl's Department Stores Inc**   represented by   **Robert T Maldonado**
*Consolidated Civil Action 6:16cv34*                (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *PRO HAC VICE*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Gregory Phillip Love**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Lance Lee**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

**Consol Defendant**

**The Kroger Company**             represented by   **Robert T Maldonado**
*Consolidated Civil Action 6:16cv34*                (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *PRO HAC VICE*
                                                    *ATTORNEY TO BE NOTICED*

**Gregory Phillip Love**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lance Lee**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Consol Defendant**

**Sears Holding Corporation**                    represented by    **Robert T Maldonado**
*Consolidated Civil Action 6:16cv34*                               (See above for address)
                                                                   *LEAD ATTORNEY*
                                                                   *PRO HAC VICE*
                                                                   *ATTORNEY TO BE NOTICED*

                                                                   **Gregory Phillip Love**
                                                                   (See above for address)
                                                                   *ATTORNEY TO BE NOTICED*

                                                                   **Lance Lee**
                                                                   (See above for address)
                                                                   *ATTORNEY TO BE NOTICED*

**Consol Defendant**

**Toys "R" US-Delaware, Inc.**                    represented by    **Robert T Maldonado**
*Consolidated Civil Action 6:16cv34*                               (See above for address)
                                                                   *LEAD ATTORNEY*
                                                                   *PRO HAC VICE*
                                                                   *ATTORNEY TO BE NOTICED*

                                                                   **Gregory Phillip Love**
                                                                   (See above for address)
                                                                   *ATTORNEY TO BE NOTICED*

**Consol Defendant**

**Walgreens Boots Alliance, Inc.**               represented by    **Robert T Maldonado**
*Consolidated Civil Action 6:16cv34*                               (See above for address)
                                                                   *LEAD ATTORNEY*
                                                                   *PRO HAC VICE*
                                                                   *ATTORNEY TO BE NOTICED*

                                                                   **Lance Lee**
                                                                   (See above for address)
                                                                   *ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Telebrands Corporation**                        represented by    **Amy L Neuhardt**
                                                                   (See above for address)
                                                                   *ATTORNEY TO BE NOTICED*

                                                                   **David Michael Underhill**
                                                                   (See above for address)
                                                                   *ATTORNEY TO BE NOTICED*

                                                                   **Elana Araj**
                                                                   (See above for address)
                                                                   *ATTORNEY TO BE NOTICED*

                                                                   **Eric John Maurer**
                                                                   (See above for address)
                                                                   *ATTORNEY TO BE NOTICED*

                                                                   **Gregory Phillip Love**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Harold William Bloom , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lance Lee**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robert T Maldonado**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Stacey K Grigsby**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**Tinnus Enterprises, LLC**          represented by  **Cortland Christopher Putbrese**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David Ludwig**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Debra Elaine Gunter**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Eric Lorenz Olavson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robert D Spendlove**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas Mansfield Dunlap**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Eric Hugh Findlay**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Counter Defendant**

**Zuru Ltd.**          represented by  **Cortland Christopher Putbrese**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David Ludwig**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Debra Elaine Gunter**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Eric Lorenz Olavson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robert D Spendlove**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas Mansfield Dunlap**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Eric Hugh Findlay**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Telebrands Corporation**                    represented by    **Amy L Neuhardt**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David Michael Underhill**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Elana Araj**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Eric John Maurer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Gregory Phillip Love**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Harold William Bloom , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kate A Ferguson**
(See above for address)
*TERMINATED: 08/30/2016*

**Lance Lee**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robert T Maldonado**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Stacey K Grigsby**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**Tinnus Enterprises, LLC**                    represented by    **Cortland Christopher Putbrese**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David Ludwig**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Debra Elaine Gunter**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Eric Lorenz Olavson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeffrey D Ahdoot**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kelly James Kubasta**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robert D Spendlove**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas Mansfield Dunlap**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Eric Hugh Findlay**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Counter Defendant**

**Zuru Ltd.**                represented by   **Cortland Christopher Putbrese**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David Ludwig**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Debra Elaine Gunter**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Eric Lorenz Olavson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeffrey D Ahdoot**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robert D Spendlove**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas Mansfield Dunlap**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Eric Hugh Findlay**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Telebrands Corporation**                represented by    **Amy L Neuhardt**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

                                                            **David Michael Underhill**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Elana Araj**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Eric John Maurer**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Gregory Phillip Love**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Harold William Bloom , III**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Kate A Ferguson**
                                                            (See above for address)
                                                            *TERMINATED: 08/30/2016*

                                                            **Lance Lee**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Robert T Maldonado**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Stacey K Grigsby**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**Tinnus Enterprises, LLC**                represented by    **Cortland Christopher Putbrese**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

                                                            **David Ludwig**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Debra Elaine Gunter**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Eric Lorenz Olavson**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Jeffrey D Ahdoot**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Kelly James Kubasta**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robert D Spendlove**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas Mansfield Dunlap**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Eric Hugh Findlay**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Counter Defendant**

**Zuru Ltd.**                                  represented by    **Cortland Christopher Putbrese**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David Ludwig**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Debra Elaine Gunter**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Eric Lorenz Olavson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeffrey D Ahdoot**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robert D Spendlove**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas Mansfield Dunlap**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Eric Hugh Findlay**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/26/2016 | 1 | COMPLAINT *for Patent Infringement* against Telebrands Corporation ( Filing fee $ 400 receipt number 0540-5579867.), filed by Tinnus Enterprises, LLC, Zuru Ltd.. (Attachments: # 1 Exhibit A, # 2 Civil Cover Sheet)(Findlay, Eric) (Entered: 01/26/2016) |
| 01/26/2016 |  | Judge Robert W. Schroeder, III and Magistrate Judge John D. Love added. (mll, ) (Entered: 01/27/2016) |
| 03/04/2016 | 2 | NOTICE of Attorney Appearance - Pro Hac Vice by Amy L Neuhardt on behalf of |

| | | |
|---|---|---|
| | | Telebrands Corporation. Filing fee $ 100, receipt number 0540-5644220. (Neuhardt, Amy) (Entered: 03/04/2016) |
| 04/19/2016 | 3 | AMENDED COMPLAINT against Telebrands Corporation, filed by Tinnus Enterprises, LLC, Zuru Ltd.. (Attachments:<br># 1 Exhibit A,<br># 2 Exhibit B)(Findlay, Eric) (Entered: 04/19/2016) |
| 04/19/2016 | 4 | SUMMONS Issued as to Telebrands Corporation, and emailed to pltf for service. (mll, ) (Entered: 04/19/2016) |
| 04/20/2016 | 5 | CORPORATE DISCLOSURE STATEMENT filed by Tinnus Enterprises, LLC identifying Corporate Parent None for Tinnus Enterprises, LLC. (Findlay, Eric) (Entered: 04/20/2016) |
| 04/20/2016 | 6 | CORPORATE DISCLOSURE STATEMENT filed by Zuru Ltd. identifying Corporate Parent None for Zuru Ltd.. (Findlay, Eric) (Entered: 04/20/2016) |
| 04/20/2016 | 7 | NOTICE of Attorney Appearance by Debra Elaine Gunter on behalf of Tinnus Enterprises, LLC, Zuru Ltd. (Gunter, Debra) (Entered: 04/20/2016) |
| 04/20/2016 | 8 | NOTICE of Attorney Appearance by Cortland Christopher Putbrese on behalf of Tinnus Enterprises, LLC, Zuru Ltd. (Putbrese, Cortland) (Entered: 04/20/2016) |
| 04/20/2016 | 9 | NOTICE of Attorney Appearance by Eric Lorenz Olavson on behalf of Tinnus Enterprises, LLC, Zuru Ltd. (Olavson, Eric) (Entered: 04/20/2016) |
| 04/21/2016 | 10 | NOTICE of Attorney Appearance - Pro Hac Vice by Robert T Maldonado on behalf of All Defendants. Filing fee $ 100, receipt number 0540-5711347. (Maldonado, Robert) (Entered: 04/21/2016) |
| 04/21/2016 | 11 | NOTICE of Attorney Appearance by David Ludwig on behalf of Tinnus Enterprises, LLC, Zuru Ltd. (Ludwig, David) (Entered: 04/21/2016) |
| 04/21/2016 | 12 | NOTICE of Attorney Appearance by Thomas Mansfield Dunlap on behalf of Tinnus Enterprises, LLC, Zuru Ltd. (Dunlap, Thomas) (Entered: 04/21/2016) |
| 04/21/2016 | 13 | NOTICE of Attorney Appearance by Robert D Spendlove on behalf of Tinnus Enterprises, LLC, Zuru Ltd. (Spendlove, Robert) (Entered: 04/21/2016) |
| 04/22/2016 | 14 | NOTICE of Attorney Appearance - Pro Hac Vice by Elana Araj on behalf of Telebrands Corporation. Filing fee $ 100, receipt number 0540-5713175. (Araj, Elana) (Entered: 04/22/2016) |
| 04/25/2016 | 15 | SUMMONS Returned Executed by Tinnus Enterprises, LLC, Zuru Ltd. Telebrands Corporation served on 4/19/2016, answer due 5/10/2016. (mjc, ) (Entered: 04/25/2016) |
| 04/27/2016 | 16 | NOTICE of Attorney Appearance - Pro Hac Vice by Harold William Bloom, III on behalf of Telebrands Corporation. Filing fee $ 100, receipt number 0540-5720568. (Bloom, Harold) (Entered: 04/27/2016) |
| 04/28/2016 | 17 | NOTICE of Attorney Appearance - Pro Hac Vice by Stacey K Grigsby on behalf of Telebrands Corporation. Filing fee $ 100, receipt number 0540-5721141. (Attachments:<br># 1 List of Court Admissions)(Grigsby, Stacey) (Entered: 04/28/2016) |
| 05/03/2016 | 18 | MOTION to Seal Document *PLAINTIFFS' MOTION FOR LEAVE TO SEAL THEIR EMERGENCY MOTION FOR A PRELIMINARY INJUNCTION* by Tinnus Enterprises, LLC, Zuru Ltd.. (Attachments:<br># 1 Text of Proposed Order)(Findlay, Eric) (Entered: 05/03/2016) |
| 05/03/2016 | 19 | SEALED EMERGENCY PATENT MOTION *FOR A PRELIMINARY INJUNCTION AND MEMORANDUM IN SUPPORT* by Tinnus Enterprises, LLC, Zuru Ltd.. (Attachments:<br># 1 Exhibit A,<br># 2 Exhibit B,<br># 3 Exhibit C,<br># 4 Exhibit D,<br># 5 Exhibit E,<br># 6 Exhibit F, |

| | | |
|---|---|---|
| | | # 7 Text of Proposed Order)(Findlay, Eric) (Entered: 05/03/2016) |
| 05/04/2016 | 20 | ORDER granting 18 Motion to Seal Document 18 MOTION to Seal Document *PLAINTIFFS' MOTION FOR LEAVE TO SEAL THEIR EMERGENCY MOTION FOR A PRELIMINARY INJUNCTION.* Signed by Magistrate Judge John D. Love on 5/4/16. (mjc, ) (Entered: 05/04/2016) |
| 05/05/2016 | 21 | MOTION to Expedite *Defendant's Motion for Expedited Discovery and Opposition to Plaintiffs' Request for Expedited Briefing of Their Motion for a Preliminary Injunction* by Telebrands Corporation. (Attachments: # 1 Text of Proposed Order)(Lee, Lance). Modified on 5/6/2016 (mjc, ). (Entered: 05/05/2016) |
| 05/05/2016 | 22 | RESPONSE to Motion re 19 SEALED PATENT MOTION *FOR A PRELIMINARY INJUNCTION AND MEMORANDUM IN SUPPORT filed* by Telebrands Corporation. (Attachments: # 1 Text of Proposed Order)(Lee, Lance) (Entered: 05/05/2016) |
| 05/06/2016 | 23 | NOTICE of Attorney Appearance by Gregory Phillip Love on behalf of Telebrands Corporation (Love, Gregory) (Entered: 05/06/2016) |
| 05/06/2016 | 24 | RESPONSE in Opposition re 21 MOTION to Expedite *Defendant's Motion for Expedited Discovery and Opposition to Plaintiffs' Request for Expedited Briefing of Their Motion for a Preliminary Injunction -- PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR EXPEDITED DISCOVERY OR IN THE ALTERNATIVE MOTION FOR A TEMPORARY RESTRAINING ORDER -- filed* by Tinnus Enterprises, LLC, Zuru Ltd.. (Attachments: # 1 Text of Proposed Order)(Findlay, Eric) (Entered: 05/06/2016) |
| 05/09/2016 | 25 | ORDER Setting Hearing on Motion 19 SEALED PATENT MOTION *FOR A PRELIMINARY INJUNCTION AND MEMORANDUM IN SUPPORT*: **Motion Hearing set for 6/13/2016 at 01:30 PM before Magistrate Judge John D. Love.** Motions 21 MOTION to Expedite *is DENIED. Signed by Magistrate Judge John D. Love on 5/9/2016. (gsg) (Entered: 05/10/2016)* |
| 05/10/2016 | 26 | *Defendant Telebrands Corp.'s* ANSWER to 3 Amended Complaint , COUNTERCLAIM against Tinnus Enterprises, LLC, Zuru Ltd. by Telebrands Corporation.(Love, Gregory) (Entered: 05/10/2016) |
| 05/13/2016 | 27 | CORPORATE DISCLOSURE STATEMENT filed by Telebrands Corporation (Love, Gregory) (Entered: 05/13/2016) |
| 05/13/2016 | 28 | Joint MOTION to RESCHEDULE HEARING ON EMERGENCY MOTION FOR A PRELIMINARY INJUNCTION by Telebrands Corporation. (Attachments: # 1 Text of Proposed Order)(Lee, Lance) (Entered: 05/13/2016) |
| 05/16/2016 | 29 | ORDER granting 28 Joint MOTION TO RESCHEDULE HEARING ON EMERGENCY MOTION FOR A PRELIMINARY INJUNCTION. Setting Hearing on Motion 19 SEALED PATENT MOTION *FOR A PRELIMINARY INJUNCTION AND MEMORANDUM IN SUPPORT* : Motion Hearing reset for 6/17/2016 01:30 PM before Magistrate Judge John D. Love. Signed by Magistrate Judge John D. Love on 05/16/16. (mll, ) (Entered: 05/16/2016) |
| 05/17/2016 | 30 | NOTICE of Attorney Appearance by Eric John Maurer on behalf of Telebrands Corporation (Maurer, Eric) (Entered: 05/17/2016) |
| 05/23/2016 | 31 | Unopposed MOTION to Seal Document *Opposition to Plaintiffs' Motion for Preliminary Injunction* by Telebrands Corporation. (Attachments: # 1 Text of Proposed Order)(Love, Gregory) (Entered: 05/23/2016) |
| 05/23/2016 | 🔒 32 | SEALED PATENT RESPONSE to SEALED PATENT MOTION re 19 SEALED PATENT MOTION *FOR A PRELIMINARY INJUNCTION AND MEMORANDUM IN SUPPORT filed* by Telebrands Corporation. (Attachments: # 1 Text of Proposed Order, # 2 Affidavit Declaration of Stacey K. Grigsby, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, |

| | | | |
|---|---|---|---|
| | | | # 6 Exhibit 4,<br># 7 Exhibit 5,<br># 8 Exhibit 6,<br># 9 Exhibit 7,<br># 10 Exhibit 8,<br># 11 Exhibit 9,<br># 12 Exhibit 10,<br># 13 Exhibit 11,<br># 14 Exhibit 12,<br># 15 Exhibit 13,<br># 16 Exhibit 14,<br># 17 Exhibit 15,<br># 18 Exhibit 16,<br># 19 Exhibit 17,<br># 20 Exhibit 18,<br># 21 Exhibit 19,<br># 22 Exhibit 20,<br># 23 Exhibit 21,<br># 24 Exhibit 22,<br># 25 Exhibit 23,<br># 26 Exhibit 24,<br># 27 Exhibit 25,<br># 28 Exhibit 26,<br># 29 Exhibit 27,<br># 30 Exhibit 28,<br># 31 Exhibit 29,<br># 32 Exhibit 30)(Love, Gregory) (Entered: 05/23/2016) |
| 05/23/2016 | 🔒 | 33 | SEALED ADDITIONAL ATTACHMENTS to Main Document: 32 Sealed Patent Response to Sealed Patent Motion,,,,. (Attachments:<br># 1 Affidavit Declaration of Dr. Ken Kamrin,<br># 2 Exhibit A,<br># 3 Exhibit B,<br># 4 Exhibit C,<br># 5 Exhibit D,<br># 6 Exhibit E,<br># 7 Exhibit F,<br># 8 Exhibit G,<br># 9 Exhibit H,<br># 10 Exhibit I,<br># 11 Exhibit J,<br># 12 Exhibit K,<br># 13 Exhibit L,<br># 14 Exhibit M,<br># 15 Exhibit N,<br># 16 Exhibit O,<br># 17 Exhibit P,<br># 18 Exhibit Q,<br># 19 Exhibit R,<br># 20 Exhibit S,<br># 21 Exhibit T,<br># 22 Exhibit U,<br># 23 Exhibit V,<br># 24 Exhibit Expert Report of John A. Hatch, Ph.D.,<br># 25 Exhibit Expert Report of Robert L. Klein,<br># 26 Affidavit Declaration of Bala Iyer,<br># 27 Exhibit 1 to Bala Iyer Declaration,<br># 28 Exhibit 2 to Bala Iyer Declaration,<br># 29 Exhibit 3 to Bala Iyer Declaration)(Love, Gregory) (Entered: 05/23/2016) |
| 05/23/2016 | | 34 | Letter Brief filed by Telebrands Corporation. (Attachments:<br># 1 Exhibit 1 - Letter Brief)(Love, Gregory) (Entered: 05/23/2016) |
| 05/24/2016 | | 35 | NOTICE of Attorney Appearance - Pro Hac Vice by Jeffrey D Ahdoot on behalf of Tinnus Enterprises, LLC, Zuru Ltd.. Filing fee $ 100, receipt number 0540-5757480. (Ahdoot, |

| | | | Jeffrey) (Entered: 05/24/2016) |
|---|---|---|---|
| 05/24/2016 | | 36 | Received DVD -- Video Exhibit 2 to the Declaration of Bala Iyer as part of 33 Sealed Additional Attachment. (Retained in the Clerk's Office; copy forwarded to Judge Love's Chambers. ) (mll, ) (Entered: 05/24/2016) |
| 05/24/2016 | | 37 | ORDER granting 31 Motion to File Under Seal. Signed by Magistrate Judge John D. Love on 05/24/16. (mll, ) (Entered: 05/24/2016) |
| 05/24/2016 | | 38 | Unopposed MOTION to Seal Document *Defendant's Emergency Motion to Compel* by Telebrands Corporation. (Attachments: # 1 Text of Proposed Order)(Love, Gregory) (Entered: 05/24/2016) |
| 05/24/2016 | 🔒 | 39 | Emergency SEALED PATENT MOTION *Defendant's Emergency Motion to Compel* by Telebrands Corporation. (Attachments: # 1 Text of Proposed Order, # 2 Affidavit Declaration of Robert T. Maldonado, # 3 Exhibit 1 - N Vasquez Email, # 4 Exhibit 2 - D.I. 53 Protective Order)(Love, Gregory) (Entered: 05/24/2016) |
| 05/25/2016 | | 40 | ORDER granting 38 Motion to File Under Seal. Signed by Magistrate Judge John D. Love on 05/25/16. (mll, ) (Entered: 05/25/2016) |
| 05/25/2016 | | 41 | Unopposed MOTION to Seal *Opposition to Defendant's Emergency Motion to Compel* by Tinnus Enterprises, LLC, Zuru Ltd.. (Attachments: # 1 Text of Proposed Order)(Findlay, Eric) (Entered: 05/25/2016) |
| 05/25/2016 | 🔒 | 42 | SEALED PATENT RESPONSE to SEALED PATENT MOTION re 39 Emergency SEALED PATENT MOTION *Defendant's Emergency Motion to Compel filed by Tinnus Enterprises, LLC, Zuru Ltd.*. (Attachments: # 1 Text of Proposed Order)(Findlay, Eric) (Entered: 05/25/2016) |
| 05/26/2016 | | 43 | SCHEDULING ORDER. Scheduling Conference set for 6/16/2016 AT 09:00 AM before Magistrate Judge John D. Love. Signed by Magistrate Judge John D. Love on 5/26/2016. (gsg) (Entered: 05/26/2016) |
| 05/26/2016 | | 44 | ORDER denying 39 Emergency Sealed Patent Motion. Signed by Magistrate Judge John D. Love on 5/26/2016. (gsg) (Entered: 05/26/2016) |
| 05/26/2016 | | 45 | ORDER granting 41 Motion to Seal. Signed by Magistrate Judge John D. Love on 5/26/2016. (gsg) (Entered: 05/26/2016) |
| 05/31/2016 | | 46 | Unopposed MOTION for Extension of Time to File Response/Reply as to 26 Answer to Amended Complaint, Counterclaim by Tinnus Enterprises, LLC, Zuru Ltd.. (Attachments: # 1 Text of Proposed Order)(Findlay, Eric) (Entered: 05/31/2016) |
| 06/01/2016 | | 47 | NOTICE of Attorney Appearance by David Michael Underhill on behalf of Telebrands Corporation (Underhill, David) (Entered: 06/01/2016) |
| 06/01/2016 | | 48 | ORDER granting 46 Motion for Extension of Time to File Response/Reply. Plaintiffs shall have to 6-08-2016 to file a response to Defendant Telebrands Corporation's Counterclaims against Tinnus Enterprises, LLC and ZURU Ltd.. Signed by Magistrate Judge John D. Love on 06/01/16. (mll, ) (Entered: 06/01/2016) |
| 06/02/2016 | | | NOTICE that the scheduling conference is RESET to Friday, June 17, 2016 at 9:00 a.m. (srg) (Entered: 06/02/2016) |
| 06/03/2016 | | 49 | Unopposed MOTION to Seal Document *Plaintiffs' Reply in Support of Motion for a Preliminary Injunction, Dkt. No. 19* by Tinnus Enterprises, LLC, Zuru Ltd.. (Attachments: # 1 Text of Proposed Order)(Findlay, Eric) (Entered: 06/03/2016) |
| 06/03/2016 | 🔒 | 50 | SEALED PATENT REPLY to Response to Response to PATENT Motion re 19 SEALED PATENT MOTION *FOR A PRELIMINARY INJUNCTION AND MEMORANDUM IN SUPPORT filed by Tinnus Enterprises, LLC, Zuru Ltd.*. (Attachments: # 1 Exhibit C, # 2 Exhibit D, # 3 Exhibit B, |

Case: 17-1175     Document: 1-2     Page: 19     Filed: 11/08/2016

| | | | |
|---|---|---|---|
| | | | # 4 Exhibit 1 to Perryman Decl.,<br># 5 Exhibit 2 to Parryman Decl.,<br># 6 Exhibit 3 to Parryman Decl.,<br># 7 Appendix A,<br># 8 Exhibit A)(Findlay, Eric) (Entered: 06/03/2016) |
| 06/04/2016 | 🔒 | 51 | SEALED PATENT ADDITIONAL ATTACHMENTS to Main Document: 50 Sealed PATENT Reply to Response to PATENT Motion,. (Attachments:<br># 1 Exhibit A,<br># 2 Exhibit 12,<br># 3 Exhibit 13,<br># 4 Exhibit 14,<br># 5 Exhibit 15,<br># 6 Exhibit 16,<br># 7 Exhibit 17,<br># 8 Exhibit 18,<br># 9 Exhibit 19,<br># 10 Exhibit 20,<br># 11 Exhibit 21,<br># 12 Exhibit 22,<br># 13 Exhibit 23,<br># 14 Exhibit 24)(Findlay, Eric) (Entered: 06/04/2016) |
| 06/06/2016 | | 52 | NOTICE by Tinnus Enterprises, LLC, Zuru Ltd. *with P.R. 3-1 and 3-2 Disclosure of Asserted Claims and Infringement Contentions* (Findlay, Eric) (Entered: 06/06/2016) |
| 06/07/2016 | | 53 | ORDER granting 49 Motion to File Under Seal. Signed by Magistrate Judge John D. Love on 06/07/16. (mll, ) (Entered: 06/07/2016) |
| 06/07/2016 | | 54 | RESPONSE to 34 Notice of Compliance - Letter Brief *filed by Tinnus Enterprises, LLC, Zuru Ltd..* (Attachments:<br># 1 Exhibit 1 - Responsive Letter Brief)(Findlay, Eric) (Entered: 06/07/2016) |
| 06/08/2016 | | 55 | MOTION to Dismiss *and to Strike Defendant's Affirmative Defenses and Counterclaims of Inequitable Conduct* by Tinnus Enterprises, LLC, Zuru Ltd.. (Attachments:<br># 1 Exhibit A,<br># 2 Exhibit B,<br># 3 Exhibit C,<br># 4 Exhibit D,<br># 5 Exhibit E,<br># 6 Exhibit F,<br># 7 Exhibit G,<br># 8 Exhibit H,<br># 9 Exhibit I,<br># 10 Text of Proposed Order)(Findlay, Eric) (Entered: 06/08/2016) |
| 06/10/2016 | | 56 | ORDER re 34 Notice of Compliance - Letter Brief filed by Telebrands Corporation. **Having considered the arguments, Defendants request (Doc. No. 34-1) is DENIED.** Signed by Magistrate Judge John D. Love on 6/10/2016. (gsg) (Entered: 06/10/2016) |
| 06/10/2016 | | 57 | NOTICE of Discovery Disclosure by Tinnus Enterprises, LLC, Zuru Ltd. *Regarding Initial Disclosures* (Findlay, Eric) (Entered: 06/10/2016) |
| 06/10/2016 | | 58 | NOTICE by Tinnus Enterprises, LLC, Zuru Ltd. *Certificate of Interested Parties* (Findlay, Eric) (Entered: 06/10/2016) |
| 06/10/2016 | 🔒 | 59 | NOTICE of Attorney Appearance - Pro Hac Vice by Kate A Ferguson on behalf of Telebrands Corporation. Filing fee $ 100, receipt number 0540-5784196. (Ferguson, Kate) (Additional attachment(s) added on 6/13/2016:<br># 1 Sealed Attachment) (pkb, ). (Entered: 06/10/2016) |
| 06/14/2016 | | 60 | Joint MOTION For Entry of Order Regarding E-Discovery by Tinnus Enterprises, LLC, Zuru Ltd.. (Attachments:<br># 1 Text of Proposed Order Electronically Stored Information (ESI) Order)(Findlay, Eric) (Entered: 06/14/2016) |

Case: 17-1175     Document: 1-2     Page: 20     Filed: 11/08/2016

| 06/14/2016 | | 61 | Joint MOTION For Entry of Order Focusing Patent Claims and Prior Art to Reduce Costs by Tinnus Enterprises, LLC, Zuru Ltd.. (Attachments:<br># 1 Text of Proposed Order (Order Focusing Patent Claims and Prior Art to Reduce Costs)) (Findlay, Eric) (Entered: 06/14/2016) |
|---|---|---|---|
| 06/14/2016 | | 62 | Joint MOTION For Entry of Discovery Order by Tinnus Enterprises, LLC, Zuru Ltd.. (Attachments:<br># 1 Text of Proposed Order (Discovery Order))(Findlay, Eric) (Entered: 06/14/2016) |
| 06/15/2016 | | 63 | Joint MOTION For Entry of (Disputed) Protective Order by Tinnus Enterprises, LLC, Zuru Ltd.. (Attachments:<br># 1 Text of Proposed Order Ex. A - Plaintiffs' Proposed Protective Order,<br># 2 Text of Proposed Order Ex. B - Defendant's Proposed Protective Order)(Findlay, Eric) (Entered: 06/15/2016) |
| 06/15/2016 | | 64 | Joint MOTION For Entry of Parties' Agreed Docket Control Order by Tinnus Enterprises, LLC, Zuru Ltd.. (Attachments:<br># 1 Text of Proposed Order - Docket Control Order)(Findlay, Eric) (Entered: 06/15/2016) |
| 06/15/2016 | | 65 | Unopposed MOTION to Seal Document *Telebrands' Sur-Reply in Further Opposition to Plaintiffs' Motion for a Preliminary Injunction* by Telebrands Corporation. (Attachments:<br># 1 Text of Proposed Order)(Love, Gregory) (Entered: 06/15/2016) |
| 06/15/2016 | 🔒 | 66 | SEALED PATENT SUR-REPLY to Reply to Response to PATENT Motion re 19 SEALED PATENT MOTION *FOR A PRELIMINARY INJUNCTION AND MEMORANDUM IN SUPPORT* filed by Telebrands Corporation. (Attachments:<br># 1 Affidavit Declaration of Amy L. Neuhardt,<br># 2 Exhibit 1 to Neuhardt Declaration,<br># 3 Exhibit 2 to Neuhardt Declaration,<br># 4 Affidavit Declaration of Dr. Ken Kamrin,<br># 5 Exhibit W to Kamrin Declaration,<br># 6 Exhibit Expert Report of John A. Hatch, Ph.D.,<br># 7 Exhibit Reply Report of Robert L. Klein,<br># 8 Affidavit Declaration of Jesse Lewis,<br># 9 Affidavit Declaration of Timothy Lietz,<br># 10 Affidavit Declaration of Andrew Prince,<br># 11 Affidavit Declaration of Steven Anne,<br># 12 Affidavit Declaration of Alexis J. Curotto)(Love, Gregory) (Entered: 06/15/2016) |
| 06/16/2016 | | 67 | NOTICE by Telebrands Corporation *of Opposition to Motion to Consolidate* (Lee, Lance) (Entered: 06/16/2016) |
| 06/16/2016 | | 68 | ORDER granting 65 Motion for Leave to Seal Document. Signed by Magistrate Judge John D. Love on 06/16/16. (mll, ) (Entered: 06/16/2016) |
| 06/16/2016 | | 69 | ORDER OF CONSOLIDATION. The above-styled cases shall be consolidated for pretrial issues only, with the exception of venue. **The earliest filed civil action 6:16-cv-33 shall serve as the lead case for consolidated issues.** The individual cases will remain active for trial. All motions shall be filed in the consolidated case. The Clerk of the Court shall add all consolidated defendants to the lead case, as well as each defendants' Lead and Local Counsel only. Should additional attorneys wish to appear in the consolidated case, they should file a Notice of Appearance in the lead case. Signed by Magistrate Judge John D. Love on 06/16/16. (mll, ) (Entered: 06/16/2016) |
| 06/16/2016 | | | **Consolidated Defendants added:** Wal-Mart Stores Inc, Bed Bath & Beyond Inc, Fry's Electronics, Kohl's Department Stores Inc, The Kroger Company, Sears Holding Corporation, Toys "R" Us - Delaware Inc, Walgreens Boots Alliance Inc (6:16cv34). (mll, ) (Entered: 06/16/2016) |
| 06/16/2016 | | | NOTICE that the hearing set in 6:16cv34 on Docs. 28 and 39 for Friday, June 17, 2016 at 9:00 a.m. has been CANCELLED. (srb) (Entered: 06/16/2016) |
| 06/16/2016 | | 70 | NOTICE by Tinnus Enterprises, LLC, Zuru Ltd. *Joint Notice of Agreement Regarding Time Allocations for Witnesses Testifying at Preliminary Injunction Hearing* (Findlay, Eric) (Entered: 06/16/2016) |

Case: 17-1175    Document: 1-2    Page: 21    Filed: 11/08/2016

| 06/16/2016 | | 71 | Agreed MOTION to Seal *Sur Reply in Opposition to Preliminary Injunction* by Bed Bath & Beyond Inc, Fry's Electronics, Kohl's Department Stores Inc, Sears Holding Corporation, Telebrands Corporation, The Kroger Company. (Attachments: # 1 Text of Proposed Order)(Lee, Lance) (Entered: 06/16/2016) |
|---|---|---|---|
| 06/16/2016 | 🔒 | 72 | SEALED REPLY to Response to Motion re 19 SEALED PATENT MOTION *FOR A PRELIMINARY INJUNCTION AND MEMORANDUM IN SUPPORT* filed by Fry's Electronics, Kohl's Department Stores Inc, Sears Holding Corporation, Telebrands Corporation, The Kroger Company. (Attachments: # 1 Affidavit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit)(Lee, Lance) (Entered: 06/16/2016) |
| 06/17/2016 | | 73 | Minute Entry for proceedings held before Magistrate Judge John D. Love: Scheduling Conference held on 6/17/2016. (Court Reporter S. Baum) (srb) (Entered: 06/17/2016) |
| 06/17/2016 | | 74 | DISCOVERY ORDER. Signed by Magistrate Judge John D. Love on 06/17/16. (mll, ) (Entered: 06/17/2016) |
| 06/17/2016 | | 75 | ORDER REGARDING E-DISCOVERY. Signed by Magistrate Judge John D. Love on 06/17/16. (mll, ) (Entered: 06/17/2016) |
| 06/17/2016 | | 76 | ORDER FOCUSING PATENT CLAIMS AND PRIOR ART. Signed by Magistrate Judge John D. Love on 06/17/16. (mll, ) (Entered: 06/17/2016) |
| 06/17/2016 | | 77 | DOCKET CONTROL ORDER. First Mediation to be completed by 8-15-2016; Second Mediation Completion due by 8/22/2017. Early Damages Expert/Evidentiary Hearing set for 2/21/2017 09:00 AM before Magistrate Judge John D. Love. Jury Selection set for 11/13/2017 09:00 AM in Tyler Courthouse before Judge Robert W. Schroeder III. Jury Trial set for 11/13/2017 09:00 AM in Tyler Courthouse before Judge Robert W. Schroeder III. Markman Hearing set for 12/8/2016 09:00 AM before Magistrate Judge John D. Love. Pretrial Conference set for 10/26/2017 09:00 AM before Magistrate Judge John D. Love. Signed by Magistrate Judge John D. Love on 06/17/16. (mll, ) (Entered: 06/17/2016) |
| 06/17/2016 | | 78 | ORDER REFERRING CASE to Mediator. David Folsom added as Mediator. Signed by Magistrate Judge John D. Love on 06/17/16. (mll, ) (Entered: 06/17/2016) |
| 06/17/2016 | | 79 | ORDER granting 71 Motion for Leave to Seal. Signed by Magistrate Judge John D. Love on 06/17/16. (mll, ) (Entered: 06/17/2016) |
| 06/17/2016 | | 80 | Minute Entry for proceedings held before Magistrate Judge John D. Love: Motion Hearing held on 6/17/2016 re 19 SEALED PATENT MOTION FOR A PRELIMINARY INJUNCTION AND MEMORANDUM IN SUPPORT filed by Tinnus Enterprises, LLC, Zuru Ltd.. (Court Reporter Shawna Hicks) (srb) (Entered: 06/17/2016) |
| 06/17/2016 | | 81 | Unopposed MOTION to Dismiss *Defendant Wal-Mart Stores, Inc.,* by Tinnus Enterprises, LLC, Zuru Ltd.. (Attachments: # 1 Text of Proposed Order)(Findlay, Eric) (Entered: 06/17/2016) |
| 06/20/2016 | 🔒 | 82 | SEALED PATENT DOCUMENT Notice of Compliance. (Attachments: # 1 Exhibit 1 - Objections from Preliminary Injunction Hearing)(Findlay, Eric) (Entered: 06/20/2016) |
| 06/20/2016 | 🔒 | 83 | Sealed Document. Telebrands Objections to Plaintiffs' Purported "Wholesale Price Erosion" (Love, Gregory) (Entered: 06/20/2016) |
| 06/20/2016 | 🔒 | 84 | SEALED ADDITIONAL ATTACHMENTS to Main Document: 83 Sealed Document. (Attachments: # 1 Affidavit Declaration of Robert T. Maldonado, # 2 Exhibit 1 - Tennenberg Email)(Love, Gregory) (Entered: 06/20/2016) |

| 06/21/2016 | 85 | ORDER granting 81 Motion to Dismiss without prejudice Defendant Wal-Mart Stores, Inc. Each party is to bear their own fees and costs. Signed by Magistrate Judge John D. Love on 6/21/16. (mjc, ) (Entered: 06/21/2016) |
|---|---|---|
| 06/21/2016 | 🔒 | (Court only) *** Party Wal-Mart Stores Inc (Consolidated Civil Action 6:16cv34 ) terminated per Order 85 . (mjc, ) (Entered: 06/21/2016) |
| 06/21/2016 | 🔒 86 | SEALED ADDITIONAL ATTACHMENTS to Main Document: 83 Sealed Document. (Attachments:<br># 1 Affidavit Supplemental Declaration of Jesse Lewis,<br># 2 Exhibit 1 - Wholesale Price Erosion Chart)(Love, Gregory) (Entered: 06/21/2016) |
| 06/22/2016 | 🔒 87 | SEALED PATENT RESPONSE by Telebrands Corporation to 82 Sealed Patent Document Notice of Compliance filed by Telebrands Corporation. (Attachments:<br># 1 Exhibit A - Letter Brief,<br># 2 Exhibit 4 - Hatch Chart,<br># 3 Exhibit 5 - Zuru 001412-15)(Love, Gregory) (Entered: 06/22/2016) |
| 06/22/2016 | 🔒 88 | SEALED PATENT DOCUMENT Notice of Compliance. (Attachments:<br># 1 Exhibit 1 - Response to Telebrands' Objections)(Findlay, Eric) (Entered: 06/22/2016) |
| 06/23/2016 | 89 | Letter Brief filed by Telebrands Corporation (Attachments:<br># 1 Exhibit 1 - Letter Brief Response to Zuru's Letter Motion to Strike [Dkt. #88])(Love, Gregory) (Entered: 06/23/2016) |
| 06/24/2016 | 90 | Joint MOTION for Protective Order (Amended Motion for Entry of Disputed Protective Order) by Tinnus Enterprises, LLC, Zuru Ltd.. (Attachments:<br># 1 Text of Proposed Order Ex. A - Plaintiffs' Proposed Protective Order,<br># 2 Exhibit A-1,<br># 3 Text of Proposed Order Ex. B - Defendant's Proposed Protective Order)(Findlay, Eric) (Entered: 06/24/2016) |
| 06/27/2016 | 91 | RESPONSE in Opposition re 55 MOTION to Dismiss and to Strike Defendant's Affirmative Defenses and Counterclaims of Inequitable Conduct filed by Telebrands Corporation. (Attachments:<br># 1 Text of Proposed Order)(Love, Gregory) (Entered: 06/27/2016) |
| 06/29/2016 | | NOTICE of Telephone Hearing on Motion 90 Joint MOTION for Protective Order (Amended Motion for Entry of Disputed Protective Order): Motion Hearing set for 7/1/2016 10:00 AM before Magistrate Judge John D. Love. The parties shall submit call in information to Sharon_Baum@txed.uscourts.gov no later than Thursday, June 30, 2016 at 4:00 p.m.(srb) (Entered: 06/29/2016) |
| 06/29/2016 | 92 | NOTICE of Discovery Disclosure by Tinnus Enterprises, LLC, Zuru Ltd. Regarding P.R. 4-1 (Findlay, Eric) (Entered: 06/29/2016) |
| 06/29/2016 | 93 | NOTICE of Discovery Disclosure by Telebrands Corporation Regarding P.R. 4-1 (Lee, Lance) (Entered: 06/29/2016) |
| 06/29/2016 | 94 | NOTICE of Discovery Disclosure by Bed Bath & Beyond Inc, Fry's Electronics, Kohl's Department Stores Inc, Sears Holding Corporation, The Kroger Company, Toys "R" US-Delaware, Inc., Walgreens Boots Alliance, Inc. Regarding P.R. 4-1 (Lee, Lance) (Entered: 06/29/2016) |
| 07/01/2016 | | Electronic Minute Entry for proceedings held before Magistrate Judge John D. Love: Telephone Conference Motion Hearing held on 7/1/2016 re 90 Joint MOTION for Protective Order (Amended Motion for Entry of Disputed Protective Order) filed by Tinnus Enterprises, LLC, Zuru Ltd.., 63 Joint MOTION For Entry of (Disputed) Protective Order filed by Tinnus Enterprises, LLC, Zuru Ltd. (Court Reporter S. Baum) (srb, ) (Entered: 07/01/2016) |
| 07/01/2016 | 🔒 | (Court only) ***Motions terminated: 63 Joint MOTION For Entry of (Disputed) Protective Order filed by Tinnus Enterprises, LLC, Zuru Ltd. (srb) (Entered: 07/01/2016) |
| 07/01/2016 | 95 | PROTECTIVE ORDER. Signed by Magistrate Judge John D. Love on 07/01/16. (mll, ) (Entered: 07/01/2016) |
| 07/06/2016 | | Sealed Transcript. Sealed Portions 1 through 4, Preliminary Injunction hearing held |

| | | | |
|---|---|---|---|
| | 🔒 | 96 | 6/17/2016 before the Honorable Judge John D. Love. (tlh, ) (Entered: 07/06/2016) |
| 07/06/2016 | 🔓 | 97 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings: Preliminary Injunction Hearing held on 6/17/2016 before Judge John D. Love. Court Reporter/Transcriber: Shawna Hicks,Telephone number: 903-276-1090.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) business days with to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 8/1/2016. Redacted Transcript Deadline set for 8/11/2016. Release of Transcript Restriction set for 10/7/2016. (tlh, ) (Entered: 07/06/2016) |
| 07/08/2016 | | 98 | REPLY to Response to Motion re 55 MOTION to Dismiss *and to Strike Defendant's Affirmative Defenses and Counterclaims of Inequitable Conduct filed by Tinnus Enterprises, LLC, Zuru Ltd..* (Attachments:<br># 1 Exhibit J)(Findlay, Eric) (Entered: 07/08/2016) |
| 07/12/2016 | | 99 | REPORT AND RECOMMENDATIONS recommending that Plaintiffs' Emergency Motion for a Preliminary Injunction 19 be GRANTED. Signed by Magistrate Judge John D. Love on 07/12/16. (mll, ) (Entered: 07/13/2016) |
| 07/20/2016 | | 100 | REPORT AND RECOMMENDATIONS recommending that Plaintiffs' Motion to Dismiss and Strike Defendant's Affirmative Defenses and Counterclaims of Inequitable Conduct 55 be GRANTED-IN-PART as to the allegations of inequitable conduct based on the failure to attach the PGR petition and its exhibits; DENIED-IN-PART as to the allegations of inequitable conduct based on the failure to timely provide notice of the PGR decision; and GRANTED-IN-PART as to striking paragraphs 4347 of Telebrands' counterclaims. Signed by Magistrate Judge John D. Love on 07/20/16. (mll, ) (Entered: 07/20/2016) |
| 07/26/2016 | 🔒 | 101 | Sealed Document. Telebrands' Notice of Lodgment of Demonstrative Exhibits (Attachments:<br># 1 Exhibit 1 - "Defendants' Opening",<br># 2 Exhibit 2 - Dr. Barry Kudrowitz Cross-Examination Slides,<br># 3 Exhibit 3 - Dr. Kenneth Kamrin Direct Examination Slides,<br># 4 Exhibit 4 - "Defendants' Closing Arguments")(Love, Gregory) (Entered: 07/26/2016) |
| 08/01/2016 | 🔒 | 102 | Sealed Document. ∼ OBJECTIONS TO (DKT. NO. 99) REPORT AND RECOMMENDATION (Attachments:<br># 1 Affidavit Kate Ferguson Declaration,<br># 2 Exhibit 1 to Kate Ferguson Declaration,<br># 3 Exhibit 2 to Kate Ferguson Declaration,<br># 4 Exhibit 3 to Kate Ferguson Declaration,<br># 5 Exhibit 4 to Kate Ferguson Declaration,<br># 6 Exhibit 5 to Kate Ferguson Declaration,<br># 7 Exhibit 6 to Kate Ferguson Declaration,<br># 8 Exhibit 7 to Kate Ferguson Declaration,<br># 9 Text of Proposed Order)(Lee, Lance) (Entered: 08/01/2016) |
| 08/01/2016 | | 103 | Opposed MOTION for Leave to File Excess Pages by Telebrands Corporation. (Attachments:<br><br># 1 Text of Proposed Order)(Lee, Lance) (Entered: 08/01/2016) |
| 08/01/2016 | | 104 | NOTICE by Telebrands Corporation *NOTICE OF REQUEST FOR ORAL ARGUMENT FOR (DKT. NO. 102) OBJECTIONS TO REPORT AND RECOMMENDATION* (Lee, Lance) (Entered: 08/01/2016) |
| 08/02/2016 | | 105 | ORDER that Defendant Telebrands shall file a notice stating whether there is good cause to consider its objections as timely by 8-04-2016, with any response from Plaintiffs due by 8-05-2016. Signed by Judge Robert W. Schroeder, III on 08/02/16. (mll, ) (Entered: |

| | | |
|---|---|---|
| | | 08/02/2016) |
| 08/03/2016 | 106 | NOTICE by Telebrands Corporation *NOTICE OF GOOD CAUSE TO CONSIDER ITS OBJECTIONS TIMELY* (Attachments:<br># 1 Exhibit 1)(Lee, Lance) (Entered: 08/03/2016) |
| 08/05/2016 | 107 | RESPONSE to 106 Notice (Other) *PLAINTIFFS' RESPONSE TO DEFENDANT TELEBRANDS CORP.'S NOTICE OF GOOD CAUSE FOR THE COURT TO CONSIDER TELEBRANDS' UNTIMELY OBJECTIONS filed by* Tinnus Enterprises, LLC, Zuru Ltd.. (Findlay, Eric) (Entered: 08/05/2016) |
| 08/08/2016 | 108 | Opposed MOTION for Leave to File *Reply in Support of Its Notice of Good Cause to Consider Its Objections Timely* by Telebrands Corporation. (Attachments:<br># 1 Text of Proposed Order)(Love, Gregory) (Entered: 08/08/2016) |
| 08/08/2016 | 109 | RESPONSE to 107 Response to Non-Motion, *Teleband's Reply in Support of Its Notice of Good Cause to Consider Its Objections Timely filed by* Telebrands Corporation. (Love, Gregory) (Entered: 08/08/2016) |
| 08/08/2016 | 110 | Digital Audio Recording Request by Tinnus Enterprises, LLC for proceedings held on 06/17/16 @ 9:00 a.m. Scheduling Conference before Judge John D. Love. (Kubasta, Kelly) (Entered: 08/08/2016) |
| 08/08/2016 | 111 | ORDER setting briefing schedule re 103 Opposed MOTION for Leave to File Excess Pages filed by Telebrands Corporation, and setting a hearing re 102 Sealed Document - Objections to R&R for 8/23/2016 09:00 AM in Ctrm 319 (Texarkana) before Judge Robert W. Schroeder III. Plaintiffs' Responsive Brief to Motion 103 due 8/10/2016; Telebrand's Reply Brief due 8/12/2016. Signed by Judge Robert W. Schroeder, III on 8/8/16. (mjc, ) (Entered: 08/08/2016) |
| 08/10/2016 | 🔒 112 | Emergency SEALED MOTION -- *TELEBRANDS EMERGENCY MOTION TO COMPEL PLAINTIFFS TO RESPOND TO ITS INQUIRIES RE ZURUS 2017 BUSINESS, AND FOR EXPEDITED BRIEFING* by Telebrands Corporation. (Attachments:<br># 1 Exhibit 1,<br># 2 Exhibit 2,<br># 3 Exhibit 3,<br># 4 Exhibit 4,<br># 5 Exhibit 5,<br># 6 Exhibit 6,<br># 7 Exhibit 7,<br># 8 Exhibit 8,<br># 9 Text of Proposed Order)(Lee, Lance) (Entered: 08/10/2016) |
| 08/10/2016 | 113 | RESPONSE to Motion re 103 Opposed MOTION for Leave to File Excess Pages *filed by Tinnus Enterprises, LLC, Zuru Ltd..* (Attachments:<br># 1 Text of Proposed Order)(Findlay, Eric) (Entered: 08/10/2016) |
| 08/11/2016 | 🔒 114 | SEALED PATENT RESPONSE to SEALED PATENT MOTION re 112 Emergency SEALED MOTION -- *TELEBRANDS EMERGENCY MOTION TO COMPEL PLAINTIFFS TO RESPOND TO ITS INQUIRIES RE ZURUS 2017 BUSINESS, AND FOR EXPEDITED BRIEFING filed by* Tinnus Enterprises, LLC, Zuru Ltd.. (Attachments:<br># 1 Text of Proposed Order)(Findlay, Eric) (Entered: 08/11/2016) |
| 08/11/2016 | 115 | Joint MOTION to Amend/Correct 77 Order, Set Scheduling Order Deadlines, Set Hearings, Terminate Motions,,,,,,,, by Tinnus Enterprises, LLC, Zuru Ltd.. (Attachments:<br># 1 Text of Proposed Order First Amended Docket Control Order)(Findlay, Eric) (Entered: 08/11/2016) |
| 08/11/2016 | 116 | ORDER entered for expedited briefing on 112 Sealed Motion to Compel. Plaintiffs shall file any response by 8/15/2016; Defendant shall file any reply by 8/17/2016; and Plaintiffs shall file any sur-reply by 8/18/2016. Signed by Magistrate Judge John D. Love on 8/11/16. (mjc, ) (Entered: 08/11/2016) |
| 08/12/2016 | 117 | 🔊 Digital Audio File. Scheduling Conference held on 06/17/2016 before John D. Love. AUDIO FILE size(4.2 MB) (srb) (Entered: 08/12/2016) |

| 08/12/2016 | | 118 | REPLY to Response to Motion re 103 Opposed MOTION for Leave to File Excess Pages *filed by Telebrands Corporation*. (Attachments: <br> # 1 Exhibit Ex 1 (GO 14-6), <br> # 2 Exhibit Ex 2 (Former App B))(Maurer, Eric) (Entered: 08/12/2016) |
|---|---|---|---|
| 08/15/2016 | | 119 | FIRST AMENDED DOCKET CONTROL ORDER. Signed by Magistrate Judge John D. Love on 08/12/16. (mll, ) (Entered: 08/15/2016) |
| 08/15/2016 | 🔒 | 120 | SEALED REPLY in Support of 112 Emergency SEALED MOTION -- *TELEBRANDS EMERGENCY MOTION TO COMPEL PLAINTIFFS TO RESPOND TO ITS INQUIRIES RE ZURUS 2017 BUSINESS, AND FOR EXPEDITED BRIEFING* filed by Telebrands Corporation. (Attachments: <br> # 1 Exhibit 9)(Lee, Lance) (Entered: 08/15/2016) |
| 08/15/2016 | 🔒 | 121 | SEALED PATENT RESPONSE by Zuru Ltd., Tinnus Enterprises, LLC to 102 Sealed Document DEFENDANT'S OBJECTIONS TO THE REPORT AND RECOMMENDATION REGARDING PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION, *filed by Zuru Ltd., Tinnus Enterprises, LLC.* (Attachments: <br> # 1 Text of Proposed Order)(Findlay, Eric) (Entered: 08/15/2016) |
| 08/15/2016 | | 122 | Unopposed MOTION for Leave to File Excess Pages *of Plaintiffs' Response to Defendant's Objections to the Report and Recommendation Regarding Plaintiff's Motion for Preliminary Injunction [Dkt. No. 121]* by Tinnus Enterprises, LLC, Zuru Ltd.. (Attachments: <br> # 1 Text of Proposed Order)(Findlay, Eric) (Entered: 08/15/2016) |
| 08/16/2016 | | 123 | ORDER granting 122 Motion for Leave to File Excess Pages in Plaintiff's Response to Defendant Telebrand Corporation's Objections to Judge Love'sReport and Recommendation regarding Plaintiffs' Motion for a Preliminary Injunction 102 . Signed by Magistrate Judge John D. Love on 8/16/16. (mjc, ) (Entered: 08/16/2016) |
| 08/18/2016 | 🔒 | 124 | SEALED PATENT SUR-REPLY to Reply to Response to PATENT Motion re 112 Emergency SEALED MOTION -- *TELEBRANDS EMERGENCY MOTION TO COMPEL PLAINTIFFS TO RESPOND TO ITS INQUIRIES RE ZURUS 2017 BUSINESS, AND FOR EXPEDITED BRIEFING* filed by Tinnus Enterprises, LLC, Zuru Ltd.. (Findlay, Eric) (Entered: 08/18/2016) |
| 08/19/2016 | | 125 | NOTICE by Tinnus Enterprises, LLC, Zuru Ltd. *Joint Notice Regarding Time Allocations for Hearing* (Findlay, Eric) (Entered: 08/19/2016) |
| 08/19/2016 | | 126 | NOTICE by Telebrands Corporation *NOTICE OF FILING OF PETITIONS FOR POST-GRANT REVIEW WITH THE U.S. PATENT & TRADEMARK OFFICE* (Attachments: <br> # 1 Exhibit 1, <br> # 2 Exhibit 2, <br> # 3 Exhibit 3, <br> # 4 Exhibit 4)(Lee, Lance) (Entered: 08/19/2016) |
| 08/19/2016 | | 127 | ORDER informing parties of time allowed for hearing set for August 23, 2016. Signed by Judge Robert W. Schroeder III on 8/19/2016. (bas) (Entered: 08/19/2016) |
| 08/22/2016 | | 128 | NOTICE by Tinnus Enterprises, LLC, Zuru Ltd. *OF COMPLIANCE WITH LOCAL PATENT RULE 4-2* (Findlay, Eric) (Entered: 08/22/2016) |
| 08/23/2016 | | 129 | Minute Entry for proceedings held before Judge Robert W. Schroeder III: Hearing on Defendant's Objections 102 to Report and Recommendation 99 held on 8/23/2016. (Court Reporter Brenda Smith) (Attachments: <br> # 1 Attorney Sign In Sheet) (bas) (Entered: 08/23/2016) |
| 08/24/2016 | 🔒 | 130 | SEALED NOTICE by Telebrands Corporation re 129 Status Conference, *of Lodgment of Slides from 8/23 Hearing* (Attachments: <br> # 1 Exhibit (Telebrands Slides))(Maurer, Eric) Modified on 8/24/2016 (sm, ). (Entered: 08/24/2016) |
| 08/24/2016 | | | NOTICE FROM CLERK re 130 Notice. This entry has been MODIFIED by the Clerk, per attorney, to be a SEALED entry due to was erroneously filed as an unsealed entry. (sm, ) (Entered: 08/24/2016) |

| 08/24/2016 | 🔒 | 131 | SEALED PATENT DOCUMENT PLAINTIFFS TINNUS ENTERPRISES, LLC'S AND ZURU, LTD.'S NOTICE OF SUBMISSION OF SLIDE PRESENTATION from August 23, 2016 Hearing. (Attachments:<br># 1 Exhibit 1 - Slide Presentation)(Findlay, Eric) (Entered: 08/24/2016) |
|---|---|---|---|
| 08/24/2016 | | 132 | ORDER denying 112 Sealed Emergency Motion. Signed by Magistrate Judge John D. Love on 8/24/2016. (gsg) (Entered: 08/24/2016) |
| 08/25/2016 | | 133 | ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE. The Court is of the opinion that the findings and conclusions of the Magistrate Judge 100 are correct. Plaintiffs' Motion to Dismiss 55 is GRANTED-IN-PART and DENIED-IN-PART. Within 14 days of the issuance of this Order, Defendant Telebrands shall amend its answer and counterclaims consistent with this Order and the Magistrate Judge's Report and Recommendation. Signed by Judge Robert W. Schroeder, III on 08/25/16. (mll, ) (Entered: 08/25/2016) |
| 08/29/2016 | | 134 | Unopposed MOTION to Withdraw as Attorney *Kate Ferguson* by Telebrands Corporation. (Attachments:<br># 1 Text of Proposed Order)(Love, Gregory) (Entered: 08/29/2016) |
| 08/30/2016 | | 135 | ORDER granting 134 Motion to Withdraw as Attorney. Attorney Kate A Ferguson terminated. Signed by Magistrate Judge John D. Love on 08/30/16. (mll, ) (Entered: 08/30/2016) |
| 08/30/2016 | 🔒 | 136 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Motions Hearing held on 08/23/16 before Judge Robert W. Schroeder III. Court Reporter/Transcriber: Brenda Hightower Smith, CSR, RPR, FCRR, Telephone number: 903-794-1018 (brenda_smith@txed.uscourts.gov).<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) business days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.. Redaction Request due 9/23/2016. Redacted Transcript Deadline set for 10/3/2016. Release of Transcript Restriction set for 12/1/2016. (bhs, ) (Entered: 08/30/2016) |
| 08/30/2016 | | 137 | NOTICE by Tinnus Enterprises, LLC, Zuru Ltd. *JOINT NOTICE REGARDING TECHNICAL ADVISOR* (Findlay, Eric) (Entered: 08/30/2016) |
| 09/06/2016 | | 138 | NOTICE of Intent to Request Redaction by Eric Hugh Findlay re 136 Transcript,,,,,. (Findlay, Eric) (Entered: 09/06/2016) |
| 09/08/2016 | | 139 | ANSWER to 1 Complaint , COUNTERCLAIM ~ *DEFENDANT TELEBRANDS, CORP. ANSWER AND FIRST AMENDED COUNTERCLAIMS* against All Plaintiffs by Telebrands Corporation. (Attachments:<br># 1 Exhibit A,<br># 2 Exhibit B)(Lee, Lance) (Entered: 09/08/2016) |
| 09/19/2016 | | 140 | Joint Claim Construction and Prehearing Statement filed by Tinnus Enterprises, LLC, Zuru Ltd. (Findlay, Eric) (Entered: 09/19/2016) |
| 09/23/2016 | 🔒 | 141 | SEALED PATENT MOTION *FOR REDACTION OF THE AUGUST 23, 2016 MOTIONS HEARING TRANSCRIPT* by Tinnus Enterprises, LLC, Zuru Ltd.. (Attachments:<br># 1 Text of Proposed Order,<br># 2 Exhibit A)(Findlay, Eric) (Entered: 09/23/2016) |
| 09/29/2016 | | 142 | ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE. The Court ADOPTS the Report and Recommendation of the Magistrate Judge 99 as the findings of this Court. All objections are OVERRULED, and Plaintiffs' Motion for a Preliminary Injunction 19 is GRANTED. Parties are ORDERED to meet and confer within seven days of the issuance of this Order and submit to the Court a proposed bond amount and |

| | | | |
|---|---|---|---|
| | | | injunctive order. To the extent the parties cannot agree on an appropriate bond amount or injunctive order, the parties may submit their disputes to the Court within seven days of the issuance of this Order. Signed by Judge Robert W. Schroeder, III on 09/29/16. (mll, ) (Entered: 09/29/2016) |
| 09/30/2016 | | 143 | ORDER denying as moot 103 Motion for Leave to File Excess Pages; denying as moot 108 Motion for Leave to File. Signed by Magistrate Judge John D. Love on 09/30/16. (mll, ) (Entered: 09/30/2016) |
| 10/05/2016 | | 144 | Unopposed MOTION for Leave to File *First Amended Answer and Counterclaims* by Telebrands Corporation. (Attachments: # 1 Text of Proposed Order, # 2 Exhibit)(Lee, Lance) (Entered: 10/05/2016) |
| 10/05/2016 | | 145 | AMENDED ANSWER to *Amended Complaint* , COUNTERCLAIM against All Plaintiffs by Telebrands Corporation. (Lee, Lance) (Entered: 10/05/2016) |
| 10/06/2016 | 🔒 | 146 | SEALED MOTION *TO STAY PRELIMINARY INJUNCTION PENDING APPEAL PURSUANT TO FED.R.CIV.P 62(C)* by Telebrands Corporation. (Attachments: # 1 Exhibit IYVER DECLARATION, # 2 Exhibit HATCH DECLARATION, # 3 Exhibit HATCH DECLARATION EXHIBIT A, # 4 Exhibit HATCH DECLARATION EXHIBIT B, # 5 Text of Proposed Order)(Lee, Lance) (Entered: 10/06/2016) |
| 10/06/2016 | 🔒 | 147 | Joint SEALED PATENT MOTION *FOR BOND AMOUNT AND INJUNCTIVE ORDER* by Tinnus Enterprises, LLC, Zuru Ltd.. (Attachments: # 1 Text of Proposed Order Ex. A - Plaintiffs' Proposed Order, # 2 Text of Proposed Order Ex. B - Defendant's Proposed Order)(Findlay, Eric) (Additional attachment(s) added on 10/17/2016: # 3 Exhibit A - Corrected Proposed Order, # 4 Exhibit B - Corrected Proposed Order) (mjc, ). (Entered: 10/06/2016) |
| 10/07/2016 | | 148 | ORDER granting 144 Motion for Leave to File First Amended Answer and Counterclaims. Signed by Magistrate Judge John D. Love on 10/06/16. (mll, ) (Entered: 10/07/2016) |
| 10/14/2016 | | 149 | Letter Brief filed by Bed Bath & Beyond Inc, Fry's Electronics, Kohl's Department Stores Inc, Sears Holding Corporation, Telebrands Corporation, The Kroger Company, Toys "R" US-Delaware, Inc., Walgreens Boots Alliance, Inc.. (Attachments: # 1 Exhibit 1 - Letter Brief)(Love, Gregory) (Entered: 10/14/2016) |
| 10/19/2016 | | 150 | NOTICE by Bed Bath & Beyond Inc, Fry's Electronics, Kohl's Department Stores Inc, Sears Holding Corporation, The Kroger Company, Toys "R" US-Delaware, Inc., Walgreens Boots Alliance, Inc. re 147 Joint SEALED PATENT MOTION *FOR BOND AMOUNT AND INJUNCTIVE ORDER ~~~ RETAILERS' NOTICE OF SUPPLEMENTAL BRIEF REGARDING PARTIES' PROPOSED PRELIMINARY INJUNCTION (DKT. 147)* (Lee, Lance) (Entered: 10/19/2016) |
| 10/20/2016 | | 151 | NOTICE by Tinnus Enterprises, LLC, Zuru Ltd. *OF SERVICE OF PRELIMINARY ELECTION OF ASSERTED CLAIMS* (Findlay, Eric) (Entered: 10/20/2016) |
| 10/21/2016 | | 152 | RESPONSE to *Retailers' Notice of Supplemental Brief Regarding Parties' Proposed Preliminary Injunction Order filed by Tinnus Enterprises, LLC, Zuru Ltd..* (Kubasta, Kelly) (Entered: 10/21/2016) |
| 10/23/2016 | 🔒 | 153 | Opposed SEALED PATENT MOTION *Telebrands' Motion for Reconsideration of the Court's September 29, 2016 Order (Dkt. 142) Based on New Evidence* by Telebrands Corporation. (Attachments: # 1 Affidavit of William Bloom, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Text of Proposed Order)(Love, Gregory) (Entered: 10/23/2016) |
| 10/24/2016 | | 154 | RESPONSE to 149 Notice of Compliance - Letter Brief filed by Walgreens Boots Alliance, Inc., Telebrands Corporation, Kohl's Department Stores Inc, Toys "R" US-Delaware, Inc., |

| | | | |
|---|---|---|---|
| | | | The Kroger Company, Bed Bath & Beyond Inc, Sears Holding Corporation, Fry's Electronics - *filed by Zuru Ltd., Tinnus Enterprises, LLC*. (Attachments: # 1 Exhibit 1 - Responsive Letter Brief)(Findlay, Eric) (Entered: 10/24/2016) |
| 10/24/2016 | 🔒 | 155 | SEALED PATENT RESPONSE to SEALED PATENT MOTION re 146 SEALED MOTION *TO STAY PRELIMINARY INJUNCTION PENDING APPEAL PURSUANT TO FED.R.CIV.P 62(C) filed by Tinnus Enterprises, LLC, Zuru Ltd.*. (Attachments: # 1 Text of Proposed Order, # 2 Exhibit A)(Findlay, Eric) (Entered: 10/24/2016) |
| 10/25/2016 | | 156 | ORDER granting 149 Notice of Compliance - Letter Brief requesting leave to file a motion for summary judgment of indefiniteness. Signed by Magistrate Judge John D. Love on 10/25/16. (mll, ) (Entered: 10/25/2016) |
| 10/25/2016 | | 157 | ORDER denying 146 Sealed Motion to Stay Preliminary Injunction Pending Appeal. Signed by Magistrate Judge John D. Love on 10/25/16. (mll, ) (Entered: 10/25/2016) |
| 10/28/2016 | | 158 | Unopposed MOTION for Extension of Time to File *Response to Defendant Telebrands Corp.'s Second Amended Counterclaims* by Tinnus Enterprises, LLC, Zuru Ltd.. (Attachments: # 1 Text of Proposed Order)(Findlay, Eric) (Entered: 10/28/2016) |
| 10/31/2016 | | 159 | PRELIMINARY INJUNCTION. The Court hereby preliminarily RESTRAINS AND ENJOINS Telebrands from making, using, importing, marketing, advertising, offering to sell or selling in the United States the Battle Balloons products or any colorable imitation of the same that infringes the 749 and/or the 282 Patent. This preliminary injunction shall remain in effect until further order of this Court. Plaintiffs are directed to file proof of bond in the amount of $4,800,000 within seven business days of this Order. The bond shall serve as security for all claims with respect to this preliminary injunction. Pursuant to this Order, the Clerk of Court is directed to terminate the parties' joint motion 147 . Signed by Judge Robert W. Schroeder, III on 10/31/16. (mll, ) (Entered: 10/31/2016) |
| 10/31/2016 | | 160 | ORDER granting 158 Motion for Extension of Time to File Response to Defendant Telebrands Corp.'s Second Amended Counterclaims. Response is due 10/31/2016. Signed by Magistrate Judge John D. Love on 10/31/2016. (mjc, ) (Entered: 10/31/2016) |
| 10/31/2016 | | 161 | ANSWER to 145 Amended Answer to Complaint, Counterclaim by Tinnus Enterprises, LLC, Zuru Ltd..(Findlay, Eric) (Entered: 10/31/2016) |
| 10/31/2016 | | 162 | PLAINTIFFS' OPENING CLAIM CONSTRUCTION BRIEF filed by Tinnus Enterprises, LLC, Zuru Ltd.. (Attachments: # 1 Declaration of Barry M. Kudrowitz, # 2 Exhibit A1, # 3 Exhibit A2, # 4 Exhibit A3, # 5 Exhibit A4)(Findlay, Eric) (Entered: 10/31/2016) |
| 11/01/2016 | | 163 | ORDER that supplemental briefing be filed on the issue regarding the impact of selling off currently-stocked inventory by the Retailers as it pertains to the considerations of irreparable harm and the balance of hardships. The Court further orders expedited briefing on this issue. Plaintiffs shall file an opening brief by 11-10-2016, and Defendants shall file a response by 11-17-2016. The briefing should not exceed 15 pages each and should be filed in the lead case 6:16-cv-33. The Court sets the matter for hearing on 11-21-2016 at 9:00 A.M. before the Honorable John D. Love. **Evidentiary Hearing set for 11/21/2016 09:00 AM before Magistrate Judge John D. Love.** Signed by Magistrate Judge John D. Love on 11/01/16. (mll, ) (Entered: 11/01/2016) |
| 11/02/2016 | | 164 | NOTICE OF APPEAL - FEDERAL CIRCUIT as to 142 Order on Sealed Patent Motion,, 159 Preliminary Injunction,,, by Telebrands Corporation. Filing fee $ 505, receipt number 0540-6011507. (Grigsby, Stacey) (Entered: 11/02/2016) |
| 11/03/2016 | | | Transmission of Notice of Appeal, 159 Injunction, 142 Order Adopting and certified copy of Docket Sheet to US Court of Appeals, Federal Circuit by separate email. re 164 Notice of Appeal - FEDERAL CIRCUIT (dlc, ) (Entered: 11/03/2016) |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **TINNUS ENTERPRISES, LLC, and ZURU LTD.,** | § § § | |
| **Plaintiffs,** | § § | |
| **v.** | § § | **No. 6:16-cv-0033 RWS-JDL** |
| **TELEBRANDS CORP.,** | § § | **JURY DEMANDED** |
| **Defendant.** | § § § | |

## ORDER ON INJUNCTION

Before the Court is the parties' Joint Motion for Bond Amount and Injunctive Order (Docket No. 147). On July 12, 2016, the Magistrate Judge issued his Report and Recommendation ("R&R") recommending that Plaintiffs' motion for a preliminary injunction be granted. Docket No. 99. On September 29, 2016, the Court issued an order adopting the findings of the Magistrate Judge and overruling all objections ("Order Adopting"), and ordered the parties to meet and confer regarding the appropriate amount for bond and the injunctive order. Docket No. 142. The parties filed the instant motion on October 6, 2016, setting forth their disputes with regard to bond amount and the scope of the injunction. Upon consideration of the arguments, the Court resolves those disputes and sets forth the terms of the injunction herein.

The parties present two main disputes with respect to the issuance of the injunctive order: (1) whether the order applies with equal force to the retailer defendants in the consolidated action (6:16-cv-34); and (2) whether bond should be set at $50,000 or $8,800,000.

This Order sets forth the contents and scope of the injunction against Telebrands pursuant to Federal Rule of Civil Procedure 65. Regarding the applicability of this Order with respect to the retailer defendants, the Court clarifies that this Order is not in equal force with respect to

retailer defendants in the consolidated action. Indeed, both the Magistrate Judge's R&R and the Court's Order Adopting considered only the preliminary injunction with respect to Defendant Telebrands. Docket Nos. 99, 142. A separate motion is pending with respect to the retailer defendants (6:16-cv-34, Docket No. 26), and the Court will rule on that motion in turn.

With respect to the bond amount, Telebrands requests the bond be set at $8,800,000, which Telebrands estimates covers the financial losses it would suffer if later found to be improperly enjoined. Docket No. 147 at 16. Plaintiffs assert that a bond of $50,000 would be appropriate. *Id.* at 8. Telebrands bears the burden of showing the extent of its injury resulting from an injunction prohibiting the sale, or offering for sale, of its Battle Balloon products. *See Oakley, Inc. v. Sunglass Hot Inter.*, No. SA CV 01-1065 AHS, 2001 WL 1683252, at *12 (C.D. Cal. Dec. 7, 2001), *aff'd on other grounds*, 316 F.3d 1331 (Fed. Cir. 2003) ("A successful movant for a TRO or preliminary injunction must post security 'for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained.' It is Defendants' burden to reasonably estimate the extent to which they would be damaged if this preliminary injunction were improvidently granted." (quoting FED. R. CIV. P. 65(c)). "The amount of a bond is a determination that rests within the sound discretion of a trial court." *Sanofi–Synthelabo v. Apotex, Inc.*, 470 F.3d 1368, 1386 (Fed. Cir. 2006).

Here, Telebrands has submitted a declaration of its Executive Vice President and COO, Bala Iyer, in support of its proposed $8.8 million bond. Docket No. 146-1. Telebrands points to approximately $4 million in losses that would result from retail customers destroying or returning inventory of the products in question, which Telebrands maintains will be a loss regardless of whether the retailer defendants are enjoined by this Order. *Id.* at ¶¶ 11–12. Telebrands also contends it will have to pay an 8% restocking fee to each customer. *Id.* at 13.

Finally, Telebrands estimates it will lose $4.8 million in profits if improperly enjoined. *Id.* at ¶ 15. In support of this contention, Telebrands further submits a declaration of its damages expert, Dr. Hatch, who states that he has reviewed sales data for Telebrands's U.S. sales from January 2016 to July 2016 and that net profits during that time frame were $4.8 million. Docket No. 146-2 at ¶ 2.

As to the alleged potential losses from inventory destruction or returns, the Court has already stated that this Order does not apply in equal force to the retailer defendants; therefore, the Court finds such amounts unnecessary to secure any potential loss from improper enjoinment. As to the remainder of the evidence, the Court finds Telebrands's expert's submission as to an expected loss of $4.8 million in net profits based on the prior sales from January 2016 through July 2016 to support a proper bond amount in this instance. Plaintiffs do not contest this specific amount of net profits for the time period stated, or provide any argument as to why a bond in this amount based on known sales data would be improper. Accordingly, the Court finds a bond of $4.8 million to be appropriate in this instance.

For the reasons set forth in Docket Nos. 99 and 142, it is hereby **ORDERED** as follows:

- The Court **FINDS** that Plaintiffs have carried their burden of showing (a) that Plaintiffs will likely succeed on the merits of their patent infringement claim by showing that U.S. Patent Nos. 9,242,749 ("'749 Patent") and 9,315,282 ("'282 Patent") are valid and enforceable and that Telebrands has infringed the '749 and '282 Patents, (b) that Plaintiffs have suffered and will continue to suffer irreparable harm if a preliminary injunction is not granted, (c) that the balance of hardships between Plaintiffs and Telebrands favors the Plaintiffs and (d) that the public interest would be

served by issuing a preliminary injunction in the present case. Docket Nos. 99, 142.

- Pursuant to Federal Rule of Civil Procedure 65, 35 U.S.C. § 271, 35 U.S.C. § 283, and the inherent equitable powers of the Court, the Court hereby preliminarily **RESTRAINS AND ENJOINS** Telebrands, its officers, agents, servants, employees, attorneys and all other persons who are in active concert or participation with Telebrands who receive actual notice of this Order by personal service or otherwise from making, using, importing, marketing, advertising, offering to sell or selling in the United States the Battle Balloons products or any colorable imitation of the same that infringes the '749 and/or the '282 Patent. *See* FED. R. CIV. P. 65(d).

- This preliminary injunction shall remain in effect until further order of this Court.

- Plaintiffs are directed to file proof of bond in the amount of four million and eight hundred thousand dollars ($4,800,000) within seven business days of this Order. *See* FED. R. CIV. P. 65(c). The bond shall serve as security for all claims with respect to this preliminary injunction.

Pursuant to this Order, the Clerk of Court is directed to terminate the parties' joint motion (Docket No. 147).

**SIGNED this 31st day of October, 2016.**

*Robert W Schroeder III*

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | | |
|---|---|---|
| TINNUS ENTERPRISES, LLC | § | |
| ET AL., | § | |
| | § | |
|     **Plaintiffs,** | § | |
| | § | **CAUSE NO. 6:16-CV-33-RWS-JDL** |
| **vs.** | § | **[LEAD CASE]** |
| | § | |
| TELEBRANDS CORP., | § | |
| | § | |
|     **Defendant.** | § | |

---

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF MAGISTRATE JUDGE

The above entitled and numbered civil action was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636.  The Report and Recommendation of the Magistrate Judge ("R&R"), which contains his proposed findings of fact and recommendation, has been presented for consideration.   Docket No. 99.[1]   Defendant Telebrands Corp. ("Telebrands") filed objections to the Report and Recommendation.  Docket No. 102.  The Court held a hearing on August 23, 2016 to consider Telebrands's objections.   Having considered Telebrands's objections, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge as the findings and conclusions of the Court.   All objections are overruled.   Plaintiffs Tinnus Enterprises ("Tinnus") and ZURU Ltd.'s ("ZURU") (collectively "Plaintiffs") Motion for a Preliminary Injunction (Docket No. 19) is **GRANTED**.

## BACKGROUND

In the R&R, the Magistrate Judge recommends granting Plaintiffs' Motion for a Preliminary Injunction.  Telebrands objects to the Magistrate Judge's conclusions that Plaintiffs

---

[1] Unless otherwise indicated, the docket entries cited to in this order refer to Cause No. 6:16-cv-33

are likely to succeed on the merits and that Plaintiffs will suffer irreparable harm if a preliminary injunction is not granted.[2]  Docket No. 102 at 1.  Telebrands argues that the finding of likely infringement is based on incorrect claim constructions.  *Id.* at 1.  Telebrands further claims that the asserted patents (U.S. Patent Nos. 9,232,749 ("the '749 Patent") and 9,315,282 ("the '282 Patent")) are obvious and indefinite and that the '282 Patent contains a written description defect.  *Id.* at 1.  Finally, Telebrands argues that the Magistrate Judge's finding of irreparable harm is based on outdated and incorrect evidence.  *Id.* at 9.

## LEGAL STANDARD

The Court reviews *de novo* the portions of the Magistrate Judge's findings to which the Defendant has raised objections.  28 U.S.C. § 636 (b)(1).

"The decision to grant a preliminary injunction is within the discretion of the district court."  *Purdue Pharma L.P. v. Boehringer Ingelheim GmbH*, 237 F.3d 1359, 1363 (Fed. Cir. 2001).  "A district court may enter a preliminary injunction based on its consideration of four factors: (1) the likelihood of the patentee's success on the merits; (2) irreparable harm if the injunction is not granted; (3) the balance of hardships between the parties; and (4) the public interest."  *Abbott Labs. v. Sandoz, Inc.*, 566 F.3d 1282, 1298 (Fed. Cir. 2009) (internal citations omitted).

To establish likelihood of success on the merits, the patentee seeking a preliminary injunction must show that it will likely prove infringement, and that it will likely withstand any challenges to the validity of the patent.  *Titan Tire Corp. v. Case New Holland, Inc.*, 566 F.3d 1372, 1376 (Fed. Cir. 2009); *see Genentech, Inc. v. Novo Nordisk A/S*, 108 F.3d 1361, 1364 (Fed. Cir. 1997).  The test for infringement in the context of a preliminary injunction is the same

---

[2]  In its objections, Telebrands states that the Magistrate Judge's finding regarding balance of the hardships was erroneous, but offers no support for the assertion.  Docket No. 102 at 9.

as the test for infringement on the merits, which requires that the accused device be evaluated in light of the properly construed claim. *Pfizer, Inc. v. Teva Pharms. USA, Inc.*, 429 F.3d 1364, 1372 (Fed. Cir. 2005). With respect to validity, "if the alleged infringer raises a substantial question concerning validity, *i.e.*, asserts an invalidity defense that the patentee cannot prove 'lacks substantial merit,' the preliminary injunction should not issue." *Helifix Ltd. v. Block-Lok, Ltd.*, 208 F.3d 1339, 1351 (Fed. Cir. 2000).

Irreparable harm may be demonstrated by showing that: (1) infringement has caused or will cause price erosion or loss of market share; (2) deprivation of the exclusive right to the patented invention; or (3) the accused infringer is incapable of paying a damages award. *Robert Bosch LLC v. Pylon Mfg. Corp.*, 659 F.3d 1142, 1156 (Fed. Cir. 2011). A patent owner may also suffer irreparable harm from loss of revenue or damage to customer goodwill, as these harms "may frequently defy attempts at valuation." *i4i Ltd. Partnership v. Microsoft Corp.*, 598 F.3d 831, 861 (Fed. Cir. 2010).

## DISCUSSION

### I.  Likelihood of Success on the Merits

The Magistrate Judge properly found that Plaintiffs are likely to succeed on the merits, as Plaintiffs have shown that they are likely to prove infringement and as Telebrands has not raised a substantial question as to the validity of the asserted patents.

#### A.  Infringement

First, both the '282 and '749 Patents are likely to be infringed. Telebrands raises no objections to the R&R's finding of likely infringement of the '282 Patent. For the '749 Patent, Telebrands contends that the Magistrate Judge misconstrued the terms "second end" and "common face" of Claim 1. Docket No. 102 at 6–9. The Magistrate Judge previously construed these terms during proceedings on U.S. Patent No. 9,051,066 ("the '066 Patent") in a related

action, Cause No. 6:15-cv-551, Docket No. 181 at 12; the '749 Patent is a continuation of the '066 Patent and shares the same specification. Docket No. 99 at 11–12. The term "second end" was construed in Cause No. 6:15-cv-551 to mean "an outer limit of the housing distinct from the first end," and the term "common face" was construed to mean "a shared outer surface of the housing through which a plurality of holes extend." *Id*. In the R&R, the Magistrate Judge adopted these prior constructions, but clarified that the meaning of the "outer limit" term in the construction of "second end" is synonymous with "outer surface." *Id*. at 11–14.

### 1. "second end"

Telebrands asserts that the R&R did not clarify the term "second end," but broadened it, and argues that this broadening led to an incorrect finding of likely infringement of the '749 Patent. Docket No. 102 at 6. Telebrands states that an "outer surface" is clearly broader than an "outer limit," and claims that the scope of the term "second end" now includes at least surfaces adjacent to an outer limit. *Id.* Telebrands then argues that because the Magistrate Judge had previously refused to include "adjacent surfaces" in the construction of "outer limit," the Magistrate Judge's clarification is now inconsistent. *Id*. at 7–8.

Telebrands is incorrect that the Magistrate Judge's clarification improperly broadens the term to include all portions of a housing that are between the first and second ends and all surfaces that are adjacent to the second end. The term is not broadened here. The Magistrate Judge clarified his prior construction of the term because the parties' experts disputed the meaning of the construction. Docket No. 99 at 13–14.

Telebrands previously argued that "outer limit" should mean only the outer ***linear*** limit, and the Court rejected the argument. Cause No. 6:15-cv-551, Docket No. 181 at 13. In its objections here, Telebrands claims that it is not again arguing for this limitation, Docket No. 102

at 7 n.3, but then states that anything that is not the outer linear limit is an "adjacent surface."  *Id*. at 7.  By labeling everything that is not the outer linear limit an "adjacent surface," Telebrands is again arguing that the term should be limited to only the outer linear limit, a limitation that the Magistrate Judge was correct to reject.  Because "outer limit" always included more than the outer linear limit, the Magistrate Judge's clarification is consistent with his prior ruling and did not broaden the term.

### 2.  "common face"[3]

Telebrands's objection to the R&R's finding that its accused product meets the "common face" limitation is similarly unconvincing.  Telebrands argues that a "common face" must be planar, and because each of the holes in its product is contained on its own geometrically bounded step, the holes do not extend through a "common face."  *See* Docket No. 99 at 12. Telebrands also states that the R&R found that geometric transitions such as edges "are irrelevant to determining the boundaries of the 'common face.' "  Docket No. 102 at 8.

In the R&R, the Magistrate Judge states that Telebrands's interpretation of the Court's construction of "common face" was too narrow because the proposed limitation that the "common face" be "planar" was previously rejected.  Docket No. 99 at 12.  Telebrands's arguments rely on an assumption that under the Magistrate Judge's construction, if a "shared outer surface" can contain ***any*** geometric transitions, then ***all*** geometric transitions must be irrelevant to determining the boundaries of the "shared outer surface."  However, nothing in the construction or the prosecution history of this claim demands this dichotomy.  Telebrands's claim construction arguments are thus without merit, and the Magistrate Judge correctly found that Plaintiffs have shown a likelihood of success of infringement of the '749 Patent.

---

[3] Telebrands's objections to the R&R's irreparable harm analysis and infringement analysis for "common face" were filed in excess of the page limit.  Telebrands filed a Motion for Leave to File Excess Pages (Docket No. 103) concurrent with its objections.  The Court fully considered all of Telebrands's objections.

## B.  Invalidity

### 1.  '282 Patent

Telebrands objects to the R&R's finding that the '282 Patent is likely valid and argues that it can prove invalidity at trial on grounds of obviousness, written description and indefiniteness.  Docket No. 102 at 1.

### a. Obviousness

Telebrands raises seven objections to the R&R's finding that the asserted patents are likely nonobvious, but each of these objections lacks merit.  First, Telebrands claims that the R&R discards certain prior art teachings because they do not teach filling balloons with "fluids such as water," but only with air, which the parties previously agreed is a fluid.  *Id*. 102 at 1–2. Second, Telebrands claims that the R&R improperly assumes that gravity alone must cause the balloons to detach and that this caused the Magistrate Judge to conclude that Telebrands's prior art references did not teach the limitation that the connecting force of the O-ring be "sufficiently limited to permit" detachment upon shaking, partial filling or both.  *Id*.  Third, Telebrands argues that its prior art references teach detachment upon shaking because O-rings are inherently capable of detaching when they are sufficiently shaken.  *Id*. at 3.  Fourth, Telebrands argues that the '282 Patent is obvious in light of the Zorbz reference in combination with other prior art references.  *Id*. at 3–4.  Fifth, Telebrands claims that the R&R imposed a restriction that the "elastic fastener" be external to the balloon, which it argues is not found in the claims.  *Id.* at 4. Sixth, Telebrands claims that the R&R ignored that the U.S. Patent and Trademark Office ("Patent Office") initiated a Post-Grant Review ("PGR") proceeding on the '066 Patent.  *Id*. Finally, Telebrands claims that the R&R erred in finding that secondary considerations were

relevant to Telebrands's obviousness challenge.  *Id.*

Telebrands's first objection—that the R&R discarded certain prior art teachings because they did not teach filling balloons with "fluids such as water," but only with air—misreads the R&R's reasoning.  The Magistrate Judge's finding of no motivation to combine the prior art references was not based on including or excluding air in the category of fluids, but on the prior art not disclosing a method for filling a container with fluid and detaching it by shaking or partially filling the container.  Docket No. 99 at 15–16, 20.  As the Magistrate Judge correctly found, none of Telebrands's cited references teaches removal by shaking or partially filling.

Second, Telebrands objects to the R&R's finding that the asserted prior art references do not teach the limitation that the connecting force of the O-ring be "sufficiently limited to permit its respective container to detach from its respective tube upon one or more of (1) at least partially filling the container with fluid and (2) shaking the housing."  Docket No. 102 at 2.  Telebrands argues this finding is premised on an inappropriate assumption that gravity alone must cause the balloons to detach.  *Id.* at 2.  Telebrands argues that its prior art references teach the "sufficiently limited to permit" limitation because they allow a partially filled container to detach by pulling the container off of the tube or by using a firing pin and pressurized gas to release the container.  *Id.* at 2–3.  But its references do not teach detachment upon partially filling, shaking or both as the claims here require.  Further, the R&R never mentions gravity and correctly analyzes the claim language in its full context.

In its third objection, Telebrands argues that its prior art references teach detachment upon shaking because O-rings are inherently capable of detaching when they are sufficiently shaken.  *Id.* at 3.  However, for inherency to be considered in the obviousness analysis, the limitation must be necessarily present or be the natural result of combining elements explicitly

disclosed in the prior art. *See PAR Pharm., Inc. v. TWI Phar., Inc.*, 773 F.3d 1186, 1196 (Fed. Cir. 2014). Here, the limitation at issue—that the connecting force of the fastener be "sufficiently limited to permit" the container to detach upon partially filling, shaking or both—is not necessarily present or the natural result of combining the prior art references, as the O-rings that Telebrands relies on are frequently designed specifically not to detach upon shaking. *See* Docket No. 51-1 at ¶¶ 59–60. Telebrands has not met the high standard required for inherency.

Fourth, Telebrands argues that the '282 Patent is obvious in light of the Zorbz reference in combination with several other references. Docket No. 102 at 3. The '282 Patent claims priority to a provisional application. *See* Docket No. 32 at 4. The Zorbz reference became public after the priority date of the provisional application, but before the filing of the non-provisional application, which eventually became the '282 Patent. *See id.* Telebrands claims that Plaintiffs cannot claim priority to the provisional application because the '282 Patent has a different figure than the provisional application, and because the provisional application does not support the "pressing" limitation of the '282 Patent. Docket No. 102 at 3–4. However, the figure in the '282 Patent is nearly identical to the figure in the provisional application, and both figures show the balloons configured in an arrangement in which they are pressed against each other. *See* Docket No. 33-7 at 3; Docket No. 99 at 17. The Magistrate Judge was therefore correct in not considering the Zorbz reference as prior art.

Telebrands's fifth objection states that the R&R imposed a restriction that the "elastic fastener" be external to the balloon, which Telebrands argues is not found in the claims. Docket No. 102 at 4. However, the R&R imposed no such restriction. The Magistrate Judge correctly concluded that Telebrands's prior art references did not appear to disclose the "elastic fasteners" as claimed in the asserted patents after analyzing the combination of the references in their full

context.  *See* Docket No. 99 at 22.

Sixth, Telebrands claims that the R&R ignored that the Patent Office initiated a PGR proceeding on the '066 Patent, which Telebrands states is similar to but narrower than the patents here.  Docket No. 102 at 4.  The '066 Patent is different from the patents at issue in this case, though, and Telebrands's unsupported assertion that the '066 Patent is narrower than the patents at issue here is not persuasive.  Further, Telebrands made no argument as to why these proceedings are relevant for this case.

Finally, Telebrands argues that the R&R erred in finding that secondary considerations were relevant to Telebrands's obviousness challenge.  *Id*.  Telebrands claims that there is no nexus between Telebrands's copying of Plaintiffs' product and the nonobviousness of the invention because the copied product is different than the product that is the subject of this litigation.  *Id*.  However, there is evidence in the record that the Plaintiffs' product is coextensive with the claims of the patents at issue.  *See* Docket No. 51-1 at ¶103.  Plaintiffs have also shown a nexus between the nonobviousness of their product and Telebrands's copying of it, as Telebrands copied the product after one of its employees sent a link of an article praising Plaintiffs' Bunch O Balloons product to Telebrands's CEO.  Docket No 19 at 7.  The fact that Telebrands's copying relates to its former product, Balloon Bonanza, and not to its Battle Balloons product that is the subject of this case, is irrelevant.  Telebrands copied a product that is coextensive with the claims of the patents in this case.  That copying is relevant here as evidence of nonobviousness.

### b.  Written Description

Telebrands objects to the R&R's finding that the claims of the '282 Patent meet the written description requirement.  It believes that the specification does not support the

requirement that at least two containers press together, whether or not they are unfilled or filled, and that nothing can be determined from the figure in the specification because the figure shows only a depth perspective.  Docket No. 102 at 4.  The specification of the '282 patent includes language that the containers "may push together" when they are filled and a figure that shows the balloons touching in an unfilled state.  '282 Patent at 4:26–27, Fig 1.  This sufficiently "conveys to those skilled in the art that the inventor had possession of the claimed subject matter as of the filing date." *Ariad Pharm., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1351 (Fed. Cir. 2010)(en banc). Telebrands's argument that nothing can be determined from the figure about whether the balloons are touching because it shows only a depth perspective is unpersuasive, as the figure appears to show the balloons touching.  *See* '282 Patent at 4:26–27, Fig 1.

### 1. Indefiniteness

Telebrands objects to the R&R's finding that the "sufficiently limited to permit" limitation, present in the claims of both the '282 Patent and the '749 Patent, meets the definiteness requirement of 35 U.S.C. § 122.  Docket No. 102 at 5.  In its objections, Telebrands belatedly attempts to inject uncertainty into the claim term "shaking."  Docket No 102 at 6.  A claim is invalid as indefinite when its language, read in light of the specification and prosecution history "fail[s] to inform, with reasonable certainty, those skilled in the art about the scope of the invention."  *Nautilus, Inc. v. Biosig Instruments, Inc.*, 134 S. Ct. 2120, 2124 (2014).  Telebrands's arguments, largely based on the alleged indefiniteness of the term "shaking," are not persuasive because one skilled in the art would likely be reasonably certain as to the meaning and scope of the term.  The Magistrate Judge correctly determined that the patents were not likely to be found invalid for indefiniteness.

### c. The '749 Patent

Telebrands objects to the R&R's finding of likely validity for the '749 Patent based upon the alleged obviousness and indefiniteness of the asserted claims. Docket No. 102 at 1. Telebrands's objections with regard to obviousness and indefiniteness of the '749 Patent are the same as its objections with regard to the '282 Patent. *See* Docket No. 102 at 1, 5. The objections for the '749 Patent are not persuasive for the same reasons as stated for the '282 Patent.

### C. Irreparable Harm

The Magistrate Judge properly found that Plaintiffs will likely suffer irreparable harm absent an injunction. The Magistrate Judge found that Telebrands and ZURU are direct competitors in the water balloon market and share many of the same retail customers. Docket No. 99 at 24. Telebrands claims this finding is unsupported by any evidence that the parties compete in a two-player market. Docket No. 102 at 10. However, Plaintiffs do not need to prove that ZURU and Telebrands are the only two companies in the entire market to show the existence of likely irreparable harm. *See Robert Bosch LLC v. Pylon Mfg. Corp.*, 659 F.3d 1142, 1151 (Fed. Cir. 2011). Further, at the hearing, Telebrands admitted that ZURU and Telebrands are the two biggest players in the market. Docket No. 96 (Aug. 23, 2016 Hr'g Tr.) at 12:12–25. The Magistrate Judge was correct to find that ZURU and Telebrands were direct competitors and that their status as such made it likely that Plaintiffs would suffer irreparable harm.

Telebrands's other objections to the R&R's finding of likely irreparable harm are equally unpersuasive. Telebrands points to the R&R's citation of findings for price erosion from the prior case between these parties and claims that there is no evidence of price erosion in this case. Docket No. 102 at 10. Telebrands also objects to the R&R's finding of consumer confusion, arguing that there is no evidence that it is the only manufacturer of colored water balloons. *Id*. at 10. Finally, Telebrands argues that the R&R misattributed the strained nature of Plaintiffs'

relationships with its retailers to Telebrands, claiming that Plaintiffs caused those relationships to become strained. *Id.* at 10.

The R&R did not rely on the evidence from the earlier case to find a likelihood of price erosion in this case. Plaintiffs have provided ample evidence to support the Magistrate Judge's finding that price erosion is likely during the pendency of this litigation. Docket No. 99 at 25–26. Plaintiffs have also presented evidence that customers were complaining about stains from dyed water balloons, a product that Telebrands sells but Plaintiffs do not. *See id.* at 26. Plaintiffs do not need to disprove the existence of any other manufacturer of colored water balloons for that evidence to support a finding of consumer confusion, especially when it is admitted that Telebrands and ZURU are the two biggest participants in the market. And as to Telebrands's claim that Plaintiffs caused the strained nature of their relationships with their retailers, the Magistrate Judge properly concluded that Plaintiffs' relationships with their retailers were affected by Telebrands because Plaintiffs would not be in court against their retailers if not for Telebrands's actions.

## CONCLUSION

Having considered each of Telebrands's objections, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge (Docket No. 99) as the findings of this Court. All objections are **OVERRULED**, and Plaintiffs' Motion for a Preliminary Injunction (Docket No. 19) is **GRANTED**.

The parties are further **ORDERED** to meet and confer within seven (7) days of the issuance of this Order and submit to the Court a proposed bond amount and injunctive order pursuant to Federal Rule of Civil Procedure 65. To the extent the parties cannot agree on an appropriate bond amount or injunctive order, the parties may submit their disputes to the Court

within seven (7) days of the issuance of this Order.

**SIGNED this 29th day of September, 2016.**

*Robert W. Schroeder III*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE