NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

**TINNUS ENTERPRISES, LLC, ZURU LTD.,**
*Plaintiffs-Appellees*

v.

**TELEBRANDS CORPORATION, BED BATH & BEYOND, INC., FRY'S ELECTRONICS, INC., KOHL'S DEPARTMENT STORES, INC., THE KROGER COMPANY, SEARS HOLDING CORPORATION, TOYS 'R' US-DELAWARE, INC., WALGREENS BOOTS ALLIANCE, INC.,**
*Defendants-Appellants*

2017-1175, -1760, -1811

Appeals from the United States District Court for the Eastern District of Texas in Nos. 6:16-cv-00033-RWS-JDL and 6:16-cv-00034-RWS-JDL, Judge Robert Schroeder, III.

**ON MOTION**

Before BRYSON, *Circuit Judge.*

**O R D E R**

Appellees Tinnus Enterprises, LLC and ZURU Ltd. (collectively, "Tinnus") move without opposition to waive the requirements of Federal Circuit Rule 28(d).

The appellants ("Telebrands") have appealed from a preliminary injunction order, challenging the district court's determinations as to substantial questions of the patents' validity, likelihood of infringement, and that harm from the infringement was irreparable.  In order to respond to Telebrands' arguments, Tinnus contends that it must mark 234 words as confidential to quote communications that Tinnus contends "confirm that Telebrands copied Tinnus's" product and an additional 75 words as confidential that cite to an expert report and witness deposition testimony that Tinnus contends relate to objective indicia of nonobviousness.

Rule 28(d) provides that "each brief may mark confidential up to fifteen (15) words (including numbers) if the information . . . was treated in the matter under review as confidential pursuant to a . . . protective order."  A party seeking to mark as confidential more than 15 words in its brief "must file a motion with this court establishing that the additional confidentiality markings are appropriate and necessary pursuant to a statute, administrative regulation, or court rule."  *Id.*  "For example," Rule 28(d) provides, "a party may establish that an argument cannot be properly developed without additional disclosure of confidential information in the brief, and public disclosure will risk causing competitive injury."  *Id.*

Based on the court's review of the tendered confidential brief and the motion, the court is unable to say that all of the markings are appropriate and necessary.  Tinnus notes that the information was treated confidential under the protective order in the district court.  But that fact alone is not good cause for granting its request.  Tinnus further argues that Telebrands previously took the position that disclosure of the information would

cause competitive harm. But it is unclear to the court from the motion why disclosure of at least some of the material, in particular citations to the expert report and deposition testimony, would cause such harm. Moreover, Tinnus appears to have marked as confidential more general statements and other surrounding words than would be necessary to protect any actual confidential information. The court therefore denies the motions without prejudice to refiling after Tinnus makes a good faith effort to selectively edit and redact such that only confidential information has been marked accordingly.[*]

Accordingly,

IT IS ORDERED THAT:

The motion is denied without prejudice to Tinnus filing a corrected brief or a new motion with a corrected brief to the extent provided herein within 10 days from the date of filing of this order.

FOR THE COURT

/s/ Peter R. Marksteiner
Peter R. Marksteiner
Clerk of Court

s31

---

[*] When words are marked confidential in the brief, repeating the words in the same brief does not add to the word allotment under Rule 28(d). Accordingly, it would be helpful to the court that upon refiling, Tinnus indicates the unique, not total, confidential word count.